[No. 35320. Department Two. March 10, 1960.]

THE STATE OF WASHINGTON, *on the Relation of W. G. Platts, Inc., Plaintiff*, v. THE SUPERIOR COURT FOR THURSTON COUNTY, *Charles T. Wright, Judge, Respondent.*[1]

*Rudolph Naccarato*, for relator.

*Pebbles & Swanson*, for respondent.

FINLEY, J.—This is an original application for a writ of prohibition. Early in 1959, the plaintiff, W. G. Platts, Inc., commenced an action for damages against one Ruthine Guess in the Superior Court for Thurston County. At the same time, the plaintiff caused writs of garnishment to issue against certain persons alleged to be indebted to the principal defendant. Trial was had before the Honorable Charles T. Wright, respondent in the instant proceedings, and, on March 18, 1959, an order was entered dismissing

[1]Reported in 349 P. (2d) 1087.

the second of several causes of action pleaded. Subsequently, on March 30, 1959, and notwithstanding that notice of appeal had been filed as to the order of March 18th, the trial judge discharged the writs of garnishment. Two days later, on April 1, 1959, the plaintiff caused new writs of garnishment to issue against the same garnishee defendants, and then, on May 11, 1959, the trial judge entered an order quashing these writs. From this order a timely notice of appeal was also filed. Finally, on August 25, 1959, Ruthine Guess, the principal defendant, moved for an order requiring the garnishee defendants to pay over to her such funds as had been sequestered by the previously dissolved writs of garnishment. It is to restrain the trial judge from issuing such an order that the plaintiff has applied to this court for a writ of prohibition.

The plaintiff's contention is that, inasmuch as a notice of appeal has been filed as to the orders dismissing its second cause of action, and quashing the writs of garnishment, the trial court is without jurisdiction to act further in the matter. This contention is based solely upon Rule on Appeal 15, 49 Wn. (2d) xx, which provides:

"A party may appeal from any order, judgment, or decree enumerated in Rule 14 by giving notice of appeal as provided in Rule 33, and the supreme court shall thereupon acquire jurisdiction of the appeal for all necessary purposes and shall have control of the superior court and of all inferior officers in all matters pertaining thereto, and may enforce such control by a mandate or otherwise and, if necessary, by fine and imprisonment, which imprisonment may be continued until obedience shall be rendered to the mandate of the supreme court. But the superior court shall, nevertheless, retain jurisdiction for the purpose of all proceedings by these rules provided to be had in such court, for the purpose of settlement and certification of the statement of facts, and for all other purposes as might be directed by order of the supreme court."

Clearly, both an order dismissing a cause of action and an order quashing a writ of garnishment are self-executing orders in the sense that no further action of the court is necessary to enforce them. We have held that a self-exe-

cuting order is not normally superseded either by the filing of a supersedeas bond (*State ex rel. Sprague v. Superior Court* (1903), 32 Wash. 693, 73 Pac. 779, and cases cited therein), or simply by filing a notice of appeal (*State ex rel. Ward v. Superior Court* (1951), 38 Wn. (2d) 431, 230 P. (2d) 302). And yet, in recognizing a right to appeal from an order quashing a writ of garnishment, this court, in *Tatum v. Geist* (1905), 40 Wash. 575, 82 Pac. 902, predicated its decision upon the basis that unless appeal is allowed any funds of the principal defendant in the hands of the garnishee defendant at the time of the order quashing the writ might be lost to the plaintiff if he should prevail in the primary action. And in *State ex rel. Pioneer Mining & Ditch Co. v. Superior Court* (1919), 108 Wash. 183, 183 Pac. 74, we held that on appeal from the dismissal of the primary action in which a garnishment has sequestered funds, the plaintiff is entitled to an order fixing the amount of a supersedeas bond on appeal in order to maintain the *status quo* and to make available the money sequestered by garnishment in the event that the plaintiff should win a reversal on his appeal.

In the instant case, although timely notice of appeal was filed, both as to the order dismissing the relator's second cause of action and as to the order quashing the writs of garnishment, no supersedeas bond was posted, nor does it appear that the respondent court was ever requested to fix the amount of such a bond. The impact of the *Pioneer Mining & Ditch Co.* case, *supra*, seems clearly to be that to whatever extent an order dismissing the primary action may be superseded, in order to keep funds sequestered by garnishment intact, it is not superseded merely by filing a notice of appeal from the order dismissing the primary action.

The adoption by this court of Rule on Appeal 15, *supra*, as quoted above, eliminating the former requirement that a bond for costs be filed as a condition precedent to the acquisition by this court of jurisdiction over an appeal, in no way alters the necessity for posting a supersedeas bond in order to supersede the effect of a judgment of dismissal

upon an appellant's writ of garnishment in accordance with the views expressed in the *Pioneer Mining* case, *supra.* Even under the prior rule (Rule on Appeal 15, 34A Wn. (2d) 22), the posting of a supersedeas bond as opposed to a bond for costs was not jurisdictional. *In re Sims' Estate* (1951), 39 Wn. (2d) 288, 235 P. (2d) 204. In any event, although the statute (Rem. Code, § 1722) relating to the necessity of posting a supersedeas bond, and in effect at the time of the *Pioneer Mining* case, has been abrogated by Rule on Appeal 65, 47 Wn. (2d) xx, its place has been taken by Rule on Appeal 23, 49 Wn. (2d) xxii.

■ Thus, we are of the opinion that, contrary to the contentions made by the plaintiff in the instant case, the filing of a notice of appeal does not by itself stay or supersede the effect which the trial court's judgment of dismissal has upon his writ of garnishment. Further action on the part of the plaintiff is required in order to preserve intact, pending appeal, the funds sequestered by the writ of garnishment; namely, the posting of a supersedeas bond.

■ Since such action was not taken by the plaintiff, it follows that the respondent court may properly order distribution of the sequestered funds. The application for a writ of prohibition should be denied. It is so ordered.

WEAVER, C. J., MALLERY, DONWORTH, and ROSELLINI, JJ., concur.

---

April 25, 1960. Petition for rehearing denied.