Cleda J. WEST, a/k/a Mrs. T. A. West, Appellant (Plaintiff below),

v.

John WILLEY, a/k/a George Meredith, Appellee (Defendant below).

No. 3741.

Supreme Court of Wyoming.

May 7, 1969.

John W. Davis, Charlottesville, Va., R. G. Diefenderfer, Bruce P. Badley, Sheridan, for appellant.

Henry A. Burgess, Richard M. Davis, Jr., Sheridan, for appellee.

Before GRAY, C. J., and McINTYRE and PARKER, JJ.

PER CURIAM.

Cleda J. West, plaintiff in a suit brought in the district court of Sheridan County, has appealed from an order discharging her attachment of the wages of John Willey, defendant.

The brief on behalf of appellant indicates a hearing was had on defendant's motion to discharge plaintiff's attachment; that the court immediately ruled for defendant and forthwith issued its order discharging the attachment; and that immediately following the signing of the order counsel for defendant secured the check which had been garnisheed by the plaintiff.

Counsel for appellant represents to us that a request was made for the court to set a supersedeas bond and the court arbitrarily refused to set an amount on such bond. The record, however, is silent with respect to such request and refusal. We realize it is sometimes difficult for attorneys to get into the record what transpires when proceedings are oral, but nevertheless we cannot begin to presume what has taken place if it is not disclosed by the record.

It is understandable that time for arranging a supersedeas bond may be very short in some instances. If found to be so, the problem would be one for referral to the permanent rules committee.

As far as the appeal before us is concerned, counsel for appellant fails to suggest what relief could be given to his client even if we said the order discharging attachment was erroneous. No property is now held under the attachment, and counsel seems to agree we could do nothing about it except to render an advisory opinion for future cases. That is not a proper function of our court.

Therefore, without deciding whether an order discharging an attachment is

an appealable order (as appellant claims it is), it is sufficient for us to say the question of whether the discharge was proper is in any event a moot question.

Where there is no statutory provision or rule specifically applicable to appeals from the discharge of an attachment, the weight of authority is that a supersedeas bond is necessary; and the filing of a notice of appeal does not by itself stay or supersede the effect which the trial court's judgment of dismissal has on the writ of garnishment. State ex rel. W. G. Platts, Inc. v. Superior Court, 55 Wash.2d 714, 349 P.2d 1087; Annotation 115 A.L.R. 598, 600.

Appeal dismissed.

McEWAN, J., not participating.