William PAUL, Appellant,

v.

STATE of Alaska, Appellee.

No. 2626.

Supreme Court of Alaska.

Feb. 16, 1977.

Frederic E. Brown, Fairbanks, for appellant.

David Mannheimer, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

OPINION

BOOCHEVER, Chief Justice.

This appeal concerns the applicability of Alaska's speedy trial rule to probation revocation proceedings. Additionally, it is contended that probation time served should be credited toward the sentence imposed after revocation.

On October 17, 1973, William Paul was sentenced to two years imprisonment upon

his plea of guilty to offenses of burglary not in a dwelling and larceny in a building. All but sixty days of the sentence were suspended, and Mr. Paul was placed on probation for the balance of the term after receiving credit for time served awaiting the outcome of the charge. As conditions of probation, he was to remain on his good behavior and was to make reasonable efforts to complete a course in vocational training at the Seward Skill Center.

Mr. Paul was subsequently charged with the offense of burglary not in a dwelling. It was alleged that on October 19, 1974, one year after the imposition of his sentence, he burglarized the H & F Galena Commercial Company store taking property of value. He was not arraigned until April 3, 1975, more than 120 days subsequent to his arrest. On April 21, 1975, in accordance with Criminal Rule 45[1] which requires trial within 120 days from the date of arrest, the 1974 burglary charge was dismissed with prejudice by order of Judge Blair.

Previously, on April 17, 1975, the state filed a Petition for Revocation of Suspended Imposition of Sentence for Sentencing and Notice of Factual Hearing. Immediately after dismissal of the burglary charge, on April 21, 1975, Judge Blair proceeded to hear the state's petition to revoke probation. Mr. Paul objected to proceeding with a revocation hearing after a dismissal of the offense which was the basis of the revocation. Although a general allegation of prejudice due to the six months delay was stated, no specific contention of prejudice was presented. Judge Blair overruled the objection, and after presentation of testimony including that of an eyewitness to the offense, found that there was probable cause to revoke the probation.

Prior to imposition of the sentence, Mr. Paul contended that any imposition of his suspended sentence should not exceed the balance of time remaining on his original period of probation. The court, however, committed him to the care and custody of the Department of Health and Social Services for the remaining twenty-two months of the sentence previously imposed. This appeal followed.

■ It is contended that probation may not be revoked if the basis for the revocation arises out of charges that have been dismissed for lack of prosecution under speedy trial standards. Under both the United States[2] and Alaska Constitutions,[3] a defendant is entitled to a speedy trial. In *Glasgow v. State*, 469 P.2d 682 (Alaska 1970), based on that Alaska constitutional right, this court reversed a conviction when trial was delayed for over fourteen months. We stated:

. . . we accepted [in *Spight v. State*, 450 P.2d 157 (Alaska 1969)] the reasoning of *United States v. Ewell*, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966), concerning the purposes to be served by the guarantee of a speedy trial, which are "to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." *Glasgow v. State*, *supra* at 688.

Subsequently, the requirement of trial within 120 days from the date the defend-

---

1. Criminal Rule 45 specifies in part:

(b) *Speedy Trial Time Limits.* A defendant charged with either a felony or a misdemeanor shall be tried within 120 days from the time set forth in section (c).

(c) *When Time Commences to Run.* The time for trial shall begin running, without demand by the defendant, as follows:

(1) From the date the defendant is arrested, initially arraigned, or from the date the charge (complaint, indictment, or information) is served upon the defendant, whichever is first. . . .

2. United States Constitution, amendment VI states: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ."

3. Alaska Constitution, art. I, sec. 11 states: "In all criminal prosecutions, the accused shall have the right to a speedy and public trial . . . ."

ant is arrested or charged was promulgated as Criminal Rule 45.

Both the constitutional right and the rule pertain to trials. Mr. Paul was tried in October 1973 when he was found guilty of the prior burglary. We are not here presented with a question as to his right to trial but with rights applicable to probation revocation proceedings.

In *Martin v. State*, 517 P.2d 1389, 1398 (Alaska 1974), we stated:

> However, a probation revocation hearing is not a criminal prosecution looking toward an adjudication of guilt or innocence. . . .
>
> We do not interpret Article I, section 11 of the Alaska Constitution to extend the right of bail to probation revocation proceedings. While the Alaska Constitution and statutes insure to the accused in all criminal prosecutions a right to bail, Martin was not the accused in a criminal prosecution at the time he requested bail from the trial court. (footnotes omitted)

Subsequently, in *State v. Sears*, 553 P.2d 907 (Alaska 1976), we held that Alaska's exclusionary rule, Criminal Rule 26(g), with certain exceptions, was not applicable to probation and parole revocation proceedings. We stated:

> We therefore hold that probation and parole revocation proceedings are not criminal proceedings within the meaning of our Rules of Criminal Procedure.[4]

The facts, however, that a revocation proceeding is not a trial and that Alaska's Rules of Criminal Procedure are inapplicable do not mean that a probationer or parolee has no rights. The United States Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972), noted that revocation does not deprive an individual of "the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole

restrictions." Nevertheless, the court concluded that the parolee's liberty is valuable and comes within the protection of the due process clause of the fourteenth amendment to the United States Constitution. The Alaska Constitution has a similar provision, art. I, sec. 7 stating that "No person shall be deprived of life, liberty, or property without due process of law. . . ."

Therefore, under both the United States and Alaska Constitutions, a parolee may not be deprived of his limited liberty without due process of law.[5] The nature of that process to which a parolee is entitled is described in *Morrissey v. Brewer, supra*, 408 U.S. at 484, 92 S.Ct. at 2602, 33 L.Ed.2d at 496:

> What is needed is an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior.

Like a parolee, a probationer may not be deprived of his limited liberty without due process of law. As the United States Supreme Court said in *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656, 661–62 (1973):

> Petitioner does not contend that there is any difference relevant to the guarantee of due process between the revocation of parole and the revocation of probation, nor do we perceive one. Probation revocation, like parole revocation, is not a stage of a criminal prosecution, but does result in a loss of liberty. (footnotes omitted)

Viewing Mr. Paul's right under this concept of due process, we do not find that the six-month delay from the time of his alleged violation to the revocation hearing interfered with the basic fairness of that proceeding. Mr. Paul does not show any manner in which he was prejudiced by the delay.[6] He does not contend that he has

---

**4.** *State v. Sears, supra* at 910.

**5.** *Wortham v. State*, 519 P.2d 797, 799 (Alaska 1974).

**6.** By analogy in *Tarnef v. State*, 492 P.2d 109, 113 (Alaska 1971), we held that in order to determine whether there was a denial of the constitutional right to speedy trial, justifica-

been deprived of witnesses on his behalf or that his or their memories have been diminished by time. It is not alleged that, due to any delay, he has been oppressively incarcerated. He was exposed to very little delay beyond the period during which he was awaiting trial for the Galena burglary, so that any anxiety or concern attributable to the revocation proceeding would be an insignificant factor. Defendant does not allege any pre-indictment delay on the underlying criminal charges. He received prompt notice of the violation alleged when the indictment was returned and this notice adequately permitted him to begin preparation of his defense. Moreover, there was no alleged loss of physical evidence.

Mr. Paul has suggested no prejudice or injury which can outbalance the interest of the state in assuring compliance with the terms of his probation. Although found guilty of a felony, he was permitted to participate in society as a means of rehabilitation. It would undermine the purposes of probation if a serious probation violation such as a subsequent burglary could be disregarded even though no significant prejudice from delay has occurred.

We do not find persuasive Mr. Paul's argument that revocation procedures may be used to circumvent the requirements of the speedy trial rule. The purposes of the speedy trial rule are adequately protected by the dismissal of tardy trials without engrafting additional sanctions pertaining to revocation proceedings. We hold that there was no error under the circumstances of this case in conducting the revocation hearing some six months after the violation of the conditions of probation.[7]

Mr. Paul also argues that it was error not to give credit for his probation time, or at least his period of good behavior,

when imposing the sentence after revocation. When revocation occurred, Mr. paul had less than four months of his probation period remaining. Twelve of the twenty-two months of probation had elapsed at the time of the Galena burglary. Judge Blair reinstated the full twenty-two month sentence which initially had been suspended.

Counsel relies on the New Mexico case of *State v. Reinhart*, 79 N.M. 36, 439 P.2d 554 (1968). It is true that in construing provisions of a New Mexico statute, 1953 Comp. § 41–17–28.1(B), the court concluded that credit should be given for the time served on probation. The New Mexico statute, however, provided that upon violation of probation, the court "may require the probationer to serve the *balance* of the sentence imposed" (emphasis added). Alaska's statute, AS 12.55.090(b), contains no such language and merely provides that "[t]he court may revoke or modify any condition of probation, or may change the period of probation."

In *Martin v. State*, 517 P.2d 1399 (Alaska 1974), the defendant received a five-year sentence with four years suspended on December 4, 1970. On August 3, 1972, a petition was filed to revoke his probation. His probation was revoked, and the previously suspended four-year sentence was ordered into effect. We held that it was within the sound discretion of the superior court to reinstate the four-year sentence upon revocation of probation. No credit was given for the period of probation previously served. In *Martin v. State, supra*, however, it was merely contended that the sentence imposed upon revocation of probation was excessive, not that there was a right to have probationary time credited against the sentence. We did not pass on the specific issue before us now.

tions for the delay would be balanced against any prejudice to the defendant.

**7.** We do not mean to encourage delay in probation revocation proceedings by holding Criminal Rule 45 inapplicable. Obviously, rapid resolution of probation proceedings is in the best interest of both the state and the defendant. While we hold that the circumstances of this

case do not merit dismissal for pre-probation revocation delay, other circumstances involving prejudice to a defendant's abilities to answer probation violation charges caused by delay on the part of the state could constitute a violation of due process.

In *Jackson v. State*, 541 P.2d 23, 26 (Alaska 1975), however, we did state, by way of dictum, that:

> Upon a violation occurring within the specified period of probation, the court is empowered to order execution of the sentence up to but not beyond the maximum period originally specified. (footnote omitted)

We now expressly agree with that dictum.

In permitting probation, the court, in an effort to rehabilitate Mr. Paul, permitted him to remain at liberty. While certain restrictions were imposed, they in no manner may be equated to serving a period of incarceration. We do not think that the term of probation should be credited against the original suspended sentence. This result is in accord with the several federal courts which have reached this issue.[8] We hold that Mr. Paul was not entitled to have the period he served on probation credited against his sentence.

Mr. Paul also contends that the sentence on revocation constituted an increase in punishment and thus violated his constitutional rights not to be placed in double jeopardy.[9] The difficulty with that argument is that the original sentence carried with it both the period of probation and the potential for imposition of the suspended sentence. The imposition of the suspended sentence upon revocation of probation involved no increase in the term to be served over the potential sentence originally imposed. The Tenth Circuit in *Thomas, supra,* 327 F.2d at 797, has reached the same conclusion.

The judgment of the superior court is AFFIRMED.

---

**8.** *E. g., Thomas v. United States*, 327 F.2d 795 (10th Cir. 1964), *cert. denied*, 377 U.S. 1000, 84 S.Ct. 1936, 12 L.Ed.2d 1051 (1964); *United States v. Guzzi*, 275 F.2d 725 (3rd Cir. 1960); *Allen v. United States*, 209 F.2d 353 (6th Cir. 1953), *cert. denied*, 347 U.S. 970, 74 S.Ct. 782, 98 L.Ed. 1111 (1954).

**9.** United States Constitution, amendment V, and Alaska Constitution, art. I, sec. 9.