**Randall D. ACKERMANN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–931.**

Court of Appeals of Alaska.

March 21, 1986.

Pamela Cravez, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

James V. Gould, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Randall Akermann was convicted of third-degree assault, AS 11.41.220(a)(2), after a jury trial, and was convicted of first-degree weapons misconduct, AS 11.61.-

---

200(a)(1), after his plea of guilty. He received concurrent presumptive terms of two years on each conviction. AS 12.55.-125(e)(1). Approximately four months later, Akermann filed a motion requesting credit against his sentence for time he purportedly was in custody pending trial and sentencing. Judge Carlson denied the motion without an opinion and Akermann now appeals. We affirm.

 Akermann relies on *Lock v. State,* 609 P.2d 539 (Alaska 1980) and *Nygren v. State,* 658 P.2d 141 (Alaska App.1983) for the proposition that a person who is subjected to conditions of pretrial release so substantial that he is, in effect, in custody, is entitled to credit for time served pursuant to AS 12.55.025(c). Akermann relies on the following conditions imposed at various times during the pretrial proceedings. First, that he have no alcoholic beverages, no drugs, no weapons, and no contact, direct or indirect, with the alleged victim of his assault, and that he be in the twenty-four hour, third-party custody of Mr. Barney. Mr. Barney, who is the engineer on the fishing boat on which Mr. Akermann is the captain, accepted responsibility as third-party custodian. The record reflects however that during the pretrial proceedings the state sought to revoke Ackermann's conditions of release, alleging that he had been abroad in the community without Mr. Barney. Judge Moody held a telephonic conference and heard evidence to this effect, but concluded that there was insufficient evidence to establish a violation. At Ackermann's request, the conditions of release were changed so that he could be employed by the Pacific Viking, a fishing boat, which was working out of Akutan. Akermann argues that he was entitled to credit for time served while in the custody of Barney and also while fishing on the Pacific Viking. We disagree. We are satisfied that a person in third-party custody who has the freedom to move about the community, limited only by his custodian's accompaniment, and one who is confined to a fishing boat while it is at sea is not entitled to credit for time spent on pretrial release. *See Lock v. State,* 609 P.2d 539 (Alaska 1980); *Paul v.*

*State,* 560 P.2d 754, 758 (Alaska 1977); *Nygren v. State,* 658 P.2d 141 (Alaska App. 1983). In our view, substantially greater restrictions must be imposed on a pretrial releasee's freedom of action before it can be said that he is in custody within the meaning of AS 12.55.025(c).

Nevertheless, this case posits a recurring problem: criminal defendants who are sentenced to a term of imprisonment and, six months to a year later, seek judicial recognition of credit for time served. We are of the view that the appropriate time to resolve credit for time served is at the sentencing hearing. The trial court should, prior to imposing sentencing, inquire of the defendant and his counsel and resolve any factual questions in dispute regarding the defendant's credit for time served based on the conditions of pre-sentence release. The trial court should expressly identify those periods of time for which credit is to be allowed under AS 12.55.025(c).

The judgment of the superior court is AFFIRMED.