Clyde G. MALEMUTE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2442/62.

Court of Appeals of Alaska.

April 27, 1990.

---

Michael Dieni, Asst. Public Advocate, and Brant McGee, Public Advocate, Anchorage, for appellant.

W.H. Hawley, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Clyde G. Malemute was convicted by a jury of attempted first degree sexual abuse of a minor and second-degree sexual abuse of a minor. As a result of the conviction, Malemute's probation for prior convictions of first-degree burglary and first-degree misconduct involving weapons was revoked. Superior Court Judge S.J. Buckalew, Jr., sentenced Malemute to a composite term of thirty-two years with five years suspended. Malemute appeals, contending that it was improper to enter judgment against him on both the attempted first-degree sexual abuse charge and the second-degree sexual abuse charge. Malemute further contends that the trial court erred in denying his motion for a mistrial, which was based on a witness' reference to Malemute's prior incarceration. Malemute separately argues that the total sentence he received is excessive. We reverse in part and affirm in part.

Malemute's first contention is that the entry of judgment for both attempted sexual abuse of a minor in the first degree and sexual abuse of a minor in the second degree was barred by double jeopardy. The two charges arose from a single incident in which Malemute attempted to have anal intercourse with a ten-year-old boy. The second-degree sexual abuse charge involved sexual touching that was incidental to the attempted act of sexual penetration.

On appeal, the state concedes that, under these circumstances, the second-degree sexual abuse charge should have merged with the attempted first-degree sexual

abuse charge and that entry of judgment on both charges was therefore barred. This concession is well founded. *See Tuckfield v. State*, 621 P.2d 1350, 1352 (Alaska 1981); *Johnson v. State*, 762 P.2d 493, 495 (Alaska App.1988); *Tookak v. State*, 648 P.2d 1018, 1022 (Alaska App.1982). Accordingly, Malemute's judgment must be amended by deleting his conviction and sentence for second-degree sexual abuse of a minor.

Malemute next contends that the trial court erred in failing to grant a mistrial as a result of testimony disclosing that Malemute had been released from jail shortly before the alleged assault in this case. At trial, Malemute's attorney attempted to suggest that, at the time of the offense, Malemute was too intoxicated to form specific intent. To support this theory, Malemute's counsel asked the arresting officer, Francis O'Brien, whether, at the time of his arrest, Malemute "was doing a lot of rambling, just rambling on?" O'Brien responded:

> He was talking a lot; yes sir, about coming from Fairbanks, about just getting out of jail. He was talking about a lot of things.

Based on O'Brien's reference to Malemute's incarceration, trial counsel moved for a mistrial. Judge Buckalew denied the motion but offered a limiting instruction, which Malemute declined.

■ The decision whether to grant a mistrial is consigned to the sound discretion of the trial court. Prior decisions involving isolated references to a defendant's previous conviction or incarceration have held that the trial court did not abuse its discretion in denying a mistrial. *See Preston v. State*, 615 P.2d 594, 603–04 (Alaska 1980); *Hines v. State*, 703 P.2d 1175, 1178–79 (Alaska App.1985). Malemute's situation is not materially different from those presented in *Hines* and *Preston*. Malemute presents no cogent reason to depart from these precedents. In light of the overwhelming evidence of Malemute's guilt, there appears to be no realistic possibility of appreciable prejudice resulting from the single, passing reference to Malemute's recent incarceration. Judge Buckalew did not abuse his discretion in concluding that the challenged testimony did not necessitate a mistrial.

Malemute also contends that his sentence is excessive. As a third felony offender, Malemute was subject to a fifteen-year presumptive term for attempted first-degree sexual abuse of a minor. Judge Buckalew found two aggravating factors (that Malemute had more than two prior felony convictions and that he was on probation at the time of this offense) and imposed the presumptive term. On the second-degree sexual abuse charge, Judge Buckalew imposed a consecutive six-year term, which will now be vacated. On the prior offenses of burglary and misconduct involving weapons, for which Malemute's probation was revoked, Judge Buckalew imposed additional consecutive terms of six years and five years with five years suspended. Thus, Malemute's composite sentence was thirty-two years with five years suspended as originally imposed; as amended by the merger of Malemute's second-degree sexual abuse conviction, the composite term will now be twenty-six years' with five years suspended.

■ In challenging this sentence, Malemute argues that the court erred in imposing the full amount of his previously suspended term for burglary consecutively to his fifteen-year presumptive term for attempted sexual abuse. Malemute contends that, because his probation was revoked solely for the new offense, imposition of a consecutive term effectively subjected him to dual punishment for the same conduct.

Malemute's argument is unpersuasive. The sentence he received upon revocation of his probation was for the underlying offenses of burglary and misconduct involving weapons, not for his act of attempted sexual abuse. *See Paul v. State*, 560 P.2d 754, 758 (Alaska 1977). For purposes of deciding the propriety of the consecutive sentences, the pertinent question is thus whether the composite term of twenty-six years with five years suspended is justified under the totality of the circumstances.

*See, e.g., Moya v. State,* 769 P.2d 447, 449 (Alaska App.1989).

■ At thirty-one years of age, Malemute was a seasoned offender. The current offense was his fourth felony conviction for presumptive sentencing purposes. Malemute's prior convictions include a serious incident of assault with a dangerous weapon, a first-degree burglary, and a first-degree misconduct involving weapons case in which Malemute was convicted for being a felon in possession of a stolen handgun. In addition to these felonies, Malemute has one prior conviction for contributing to the delinquency of a minor, which was treated as a felony but does not qualify for presumptive sentencing purposes because of statutory changes under the revised criminal code. Significantly, the underlying conduct involved in that case was a sexual assault on a young boy.

In addition to the foregoing felony convictions, Malemute has been convicted of numerous misdemeanors, has been the subject of repeated probation and parole revocation actions, and, as a child, was adjudicated a delinquent for conduct that would have qualified as a felony had he been an adult. It appears that Malemute has had a serious problem with alcoholism since adolescence. Despite repeated opportunities for treatment, he has failed to make any lasting progress toward rehabilitation.

Malemute's current offense involved a serious attempted act of sexual penetration on a young child, which came close to completion and was thwarted only by the fortuitous intervention of two bystanders. It appears that Malemute's victim suffered considerable and lasting emotional trauma as a result of the assault. Malemute had been released on probation only several days before he committed the offense.

In imposing sentence, Judge Buckalew found Malemute's chances for rehabilitation to be remote and concluded that a lengthy sentence was necessary to isolate Malemute for the protection of the community. Our independent review of the record convinces us that Judge Buckalew's findings are amply supported and that the composite sentence imposed was not clearly

mistaken. *See, e.g., Amarok v. State,* 789 P.2d 377, 380–81 (Alaska App., 1990); *Murray v. State,* 770 P.2d 1131, 1140–44 (Alaska App.1989).

The conviction for sexual abuse of a minor in the second degree is VACATED. In all other respects, the judgment is AFFIRMED. The case is REMANDED for entry of an amended judgment conforming hereto.