Lester CRANEY, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 89–86.

Supreme Court of Wyoming.

Oct. 17, 1990.

---

Leonard D. Munker, State Public Defender and Mike Cornia, Appellate Counsel, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Sr. Asst. Atty. Gen., Roben D. Hunter and Camille Call, Student Interns, for appellee.

Before CARDINE, C.J.,* and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

URBIGKIT, Chief Justice.

Lester Craney (Craney) was charged with attempted first degree sexual assault, first degree sexual assault and delivery of a controlled substance to a minor. He was convicted on three counts of attempted third degree sexual assault, third degree sexual assault and delivery of a controlled

substance to a minor. We reverse the convictions and sentences for attempted third degree sexual assault and third degree sexual assault, but affirm the conviction and sentence for delivery of a controlled substance to a minor.

## ISSUES

Craney raises four issues:

I. Was it * * * plain error for the court to instruct the jury that third degree sexual assault is a lesser included offense of first degree sexual assault.

II. Did the trial court exceed its jurisdiction when it sentenced Appellant [for third degree sexual assault] to three years probation to commence on completion of the prison sentence imposed.

III. Whether the order that the Appellant pay restitution in an amount to be determined as a condition of probation [for third degree sexual assault] must be stricken as in excess of jurisdiction.

[IV]. Whether the trial court's failure to order the prosecution to produce reports used by witness Anderson to prepare for his testimony was error and resulted in a violation of Appellant's right to confrontation.

■■■ We reverse in favor of Craney on Issue I.[1]

## FACTS

On August 18, 1988, a criminal complaint was filed against Craney. Count I of that complaint charged Craney with attempted sexual assault in the first degree in violation of W.S. 6–2–302(a)(i) and 6–1–301.[2] Count II charged him with sexual assault in the first degree in violation of W.S. 6–2–302(a)(i). Count III charged him with

---

* Chief Justice at time of oral argument.

1. With disposition of the appeal on Issue I, we will not consider the sexual assault sentencing issue raised by Craney's second claim. Relating to Issue III, Keller v. State, 771 P.2d 379, 387 (Wyo.1989) held that a trial judge exceeds the "sentencing authority by ordering restitution without providing an amount[.]"

   Although not raised as an issue, we also note that Craney was convicted and sentenced for both attempted sexual assault in the third degree and completed sexual assault in the third degree. It is not clearly determinable whether these convictions relate to the same act or dif-

ferent events. If the two charges relate to the same criminal act, dual convictions would be improper. A person may not be convicted and sentenced for both the attempt and the completed crime. The two merge. Entry of judgment on both charges is barred by double jeopardy. See Malemute v. State, 791 P.2d 624, 625 (Alaska App.1990); Tuckfield v. State, 621 P.2d 1350, 1352 (Alaska 1981); and State v. Benite, 6 Conn. App. 667, 507 A.2d 478, 482 (1986).

2. W.S. 6–1–301 provides in pertinent part that:

   (a) A person is guilty of an attempt to commit a crime if:

unlawful delivery of marijuana by a person eighteen years or older to a person under eighteen years and who is· at least three years his junior which is a violation of W.S. 35–7–1014(d)(xiii) and 35–7–1036.[3]

Without objection from the defense counsel, the trial judge gave jury instructions which permitted Craney's conviction of sexual assault in the third degree [4] as a lesser included offense to sexual assault in the first degree. The jury found Craney not guilty of attempted sexual assault in the first degree, not guilty of sexual assault in the first degree, but guilty of attempted sexual assault in the third degree, guilty of sexual assault in the third degree, and guilty of delivering a controlled substance to a person under eighteen years of age. By judgment and sentence entered February 28, 1989, Craney was sentenced to prison for not less than three nor more than five years for attempted third degree sexual assault and a concurrent term of not less than five nor more than six years for delivery of a controlled substance to a minor. The trial court also sentenced him to three years probation for his third degree sexual assault conviction. That probation was to run consecutively with the prison sentences. In effect, Craney's sentence of probation would not begin to run until after he had served his prison sentences.

## STANDARD OF REVIEW FOR THE THIRD DEGREE RAPE CONVICTION

Craney argues it is plain error for the trial judge to instruct the jury that third

> (i) With the intent to commit the crime, he does any act which is a substantial step towards commission of the crime. A "substantial step" is conduct which is strongly corroborative of the firmness of the person's intention to complete the commission of the crime[.]
> 
> *See Ramirez v. State,* 739 P.2d 1214 (Wyo.1987).
> W.S. 6–2–302 provides in pertinent part that:
> (a) Any actor who inflicts sexual intrusion on a victim commits a sexual assault in the first degree if:
> (i) The actor causes submission of the victim through the actual application, reasonably calculated to cause submission of the victim, of physical force or forcible confinement[.]

**3.** W.S. 35–7–1036 provides in pertinent part that:

degree sexual assault is a lesser included offense of first degree sexual assault. We agree.

Lacking proper trial objection, the jury instruction at issue requires analysis under the plain error doctrine. *See Keller v. State,* 771 P.2d 379, 383 (Wyo.1989). Our standard of review under plain error is well established.

> " 'First, the record must be clear as to the incident which is alleged as error. Second, the party claiming that the error amounted to plain error must demonstrate that a clear and unequivocal rule of law was violated. Finally, that party must prove that a substantial right has been denied him and as a result he has been materially prejudiced.' "

*Johnston v. State,* 747 P.2d 1132, 1134 (Wyo.1987) (quoting *Auclair v. State,* 660 P.2d 1156, 1159 (Wyo.1983), *cert. denied* 464 U.S. 909, 104 S.Ct. 265, 78 L.Ed.2d 249 and *Bradley v. State,* 635 P.2d 1161, 1164 (Wyo.1981)). *See* W.R.Cr.P. 49(b).

## ANALYSIS

The first component under plain error review is established because the record is clear as to the incident alleged as error. Instructions nineteen through twenty-two allowed the jury to find Craney guilty of attempted third degree sexual assault and third degree sexual assault as a lesser included offense.

> Any person eighteen (18) years of age or over who violates W.S. 35–7–1031(a) [unlawful manufacture or delivery] by distributing a controlled substance listed in Schedules I or II which is a narcotic drug to a person under eighteen (18) years of age who is at least three (3) years his junior is punishable by the fine authorized in W.S. 35–7–1031(a)(i), by a term of imprisonment of up to twice that authorized by W.S. 35–7–1031(a)(i), or both.

**4.** W.S. 6–2–304(a)(i) provides that an actor commits sexual assault in the third degree if the actor is at least four years older than the victim and sexually intrudes a victim who is less than sixteen years.

■ To establish the second component, Craney must demonstrate that a clear and unequivocal rule of law was violated. This demonstration is made because third degree sexual assault is not a lesser included offense of first degree sexual assault. *Seeley v. State*, 715 P.2d 232, 238 (Wyo. 1986) held that for an offense to be a lesser included offense "every element of the lesser offense must be included in the greater, that is one cannot commit the greater offense without also necessarily committing the lesser offense." *Seeley* used that definition to explain why third degree sexual assault was not contained within the first degree sexual assault statute in force at that time. The *Seeley* discussion is helpful here. First degree sexual assault requires physical force or forcible confinement. *Carey v. State*, 715 P.2d 244 (Wyo.), *cert. denied* 479 U.S. 882, 107 S.Ct. 270, 93 L.Ed.2d 247 (1986). Third degree sexual assault can be committed even if no force or confinement was used. The primary factor for commission of an offense is an age differential. *Kallas v. State*, 704 P.2d 693 (Wyo.1985). In fact, third degree sexual assault can occur even where there is agreement by the parties. *Ross v. State*, 16 Wyo. 285, 93 P. 299, *reh'g denied* 16 Wyo. 285, 94 P. 217 (1908). Third degree sexual assault only requires sexual intrusion between two people, one of whom is less than sixteen[5] years old and another who is more than four years older than the one who is less than sixteen. Third degree sexual assault cannot be a lesser included offense to first degree sexual assault because its elements are not contained within the set of elements for first degree sexual assault.[6] *Seeley*, 715 P.2d 232; *Carey*, 715 P.2d 244. The violation of a clear and unequivocal rule of law is then demonstrated.

■ The third component is similarly established because Craney demonstrates that a substantial right has been denied him and, as a result, he has been materially prejudiced. The right not to be convicted of a crime for which one is not charged is substantial. The Wyoming Constitution prohibits a person from being convicted of a crime not charged.[7] We explained in

---

5. The ancestor of this offense is the old time statutory rape crime with which senior attorneys who practiced in criminal law became very familiar, since at one time it could involve young persons of about the same age. *State v. Holm*, 67 Wyo. 360, 224 P.2d 500 (1950).

6. While there are at least three distinct approaches available, this court has never settled on a theory for application of a lesser included offense instruction. These are the common law or strict statutory elements approach, the cognate approach and the model penal code approach. *State v. Jeffries*, 430 N.W.2d 728 (Iowa 1988); *Corbin v. Hillery*, 74 N.Y.2d 279, 545 N.Y.S.2d 71, 543 N.E.2d 714, *cert. granted* — U.S. —, 110 S.Ct. 362, 107 L.Ed.2d 349 (1989), *aff'd* — U.S. —, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990); Barnett, *The Lesser–Included Offense Doctrine: A Present Day Analysis For Practitioners*, 5 Conn.L.Rev. 255, 255–56 (1972); Blair, *Constitutional Limitations on the Lesser Included Offense Doctrine*, 21 Am.Crim.L.Rev. 445 (1984); Ettinger, *In Search of a Reasoned Approach to the Lesser Included Offense*, 50 Brooklyn L.Rev. 191 (1984).

Justice Lavorato, writing for the Iowa Supreme Court in *Jeffries*, 430 N.W.2d at 730, has provided an organized evaluation of the lesser included offense approaches.

This subject is fraught with confusion because of the doctrine's elusiveness in its definition and application. Adding to this confusion is

the interplay between the doctrine and several constitutional principles. * * * Generally, the doctrine allows a trier of fact to convict a defendant of an offense less serious than the one charged. * * * Rooted in sixteenth-century English common law, the doctrine found its way into American jurisprudence in the late 1700's. * * *

\* \* \* \* \* \*

In applying the doctrine, courts must ask two questions: what is a lesser-included offense, and when should a trial court instruct on it. Koenig, *The Many–Headed Hydra of Lesser–Included Offenses: A Herculean Task for the Michigan Courts*, 1975 Det.C.L.Rev. 41, 43.

We need not settle on a particular approach here since under any approach, third degree sexual assault is not a lesser included offense to first degree sexual assault.

7. Wyo. Const. art. 1, § 10, provides in pertinent part:

In all criminal prosecutions the accused shall have the right to defend in person and by counsel, *to demand the nature and cause of the accusation, to have a copy thereof,* to be confronted with the witnesses against him, to have compulsory process served for obtaining witnesses, and to a speedy trial by an impartial jury of the county or district in which the offense is alleged to have been committed.

*State v. Selig,* 635 P.2d 786, 793 (Wyo.1981) that one is materially prejudiced when there is no notice of the charges to be defended against. In *Ostrowski v. State,* 665 P.2d 471, 481 (Wyo.1983) (quoting *Gonzales v. State,* 551 P.2d 929 (Wyo.1976)), we said:

> Rule 9(a), W.R.Cr.P., implements the constitutional right of a criminal defendant to be informed of the nature of the charge(s) against him. This court has said: "[i]n a criminal indictment, it is only necessary to allege sufficiently to allow the accused to understand the charge and prepare his defense."

To charge Craney with first degree sexual assault and attempted first degree sexual assault and then convict him of third degree sexual assault and attempted third degree sexual assault not only prevents an adequate defense, but allows for the conviction of an uncharged crime. Craney was materially prejudiced.

## DENIAL OF ACCESS TO THE INVESTIGATING OFFICER'S REPORT

Our review of the record of Craney's trial attorney's opening and closing arguments indicates this appellate issue can only relate to the third degree sexual assault convictions. We are left with this impression because his trial counsel appeared to concede during opening argument that Craney purchased alcohol for the minor child and that the two smoked marijuana together. During closing argument, his trial counsel seemed to make the same concession by indicating that Craney and the minor child had passed a marijuana pipe back and forth. Our impression that the delivery conviction is not being challenged was confirmed when Craney's appellate counsel responded in the negative during oral argument when asked if he was attacking the conviction for delivery of a controlled substance to a minor. Since we are convinced that this appeal is directed to the convictions upon which Craney has prevailed, we leave undisturbed the conviction

for delivery of a controlled substance to a minor. Consequently, we will not consider the significant issue of denied access to the police officer's investigation report for cross-examination [8] when consideration would be academic and advisory for appellate resolution of this case. *Mari v. Rawlins Nat. Bank of Rawlins,* 794 P.2d 85 (Wyo.1990); *Tobin v. Pursel,* 539 P.2d 361 (Wyo.1975); *West v. Willey,* 453 P.2d 883 (Wyo.1969). See also, in regard to interpretation of a rule of this court, *Arland v. State,* 788 P.2d 1125, 1128 n. 5 (Wyo.1990).

## CONCLUSION

For these reasons, we reverse Craney's convictions and sentences for attempted third degree sexual assault and third degree sexual assault. We affirm the conviction and sentence for delivery of a controlled substance to a minor.

---

8. W.R.Cr.P. 18(c) (Jencks Act); *Jencks v. United States,* 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957).