**James S. TRIPLETT, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–9968.**

Court of Appeals of Alaska.

Dec. 19, 2008.

Daniel Lowery, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

John K. Bodick, Assistant Attorney General, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

*OPINION*

BOLGER, Judge.

The parole board released James S. Triplett to residential treatment as a condition of his discretionary parole while he was serving the initial portion of his sentence of 4 years' imprisonment with 2 years suspended for felony driving while intoxicated. He now argues that under this court's decision in *Nygren v. State*,[1] he is entitled to credit for the time spent in residential treatment against the suspended sentence that the superior court imposed when it later revoked his probation. But our decision in *Nygren* is based on AS 12.55.025(c), which guarantees credit for time served "pending trial, sentencing, or appeal." Triplett's residential treatment on parole, therefore, does not qualify for credit under this statute.

*Facts and proceedings*

On August 16, 2002, Superior Court Judge Beverly W. Cutler sentenced Triplett to 4 years' imprisonment with 2 years suspended for felony driving while intoxicated.[2] The conditions of Triplett's probation required him to complete a substance abuse program at the direction of his probation officer, including residential treatment of up to one year.

---

1. 658 P.2d 141 (Alaska App.1983).

2. Former AS 28.35.030(a)(1), (n) (2000).

Triplett reported to prison to serve the initial 2 years of his sentence. Then the parole board granted Triplett discretionary parole release to the Salvation Army Adult Rehabilitation Program. Triplett completed 168 days in the program. Triplett was also subject to probation supervision while he was in residential treatment.

Triplett continued on probation after he completed his parole. He committed probation violations in May 2005 and March 2006, which resulted in short jail sentences. Then, in July 2006, Triplett violated his probation again by consuming alcoholic beverages. On September 15, 2006, Superior Court Judge Eric A. Aarseth revoked Triplett's probation and imposed the balance of his suspended sentence.

After his probation was revoked, Triplett filed a motion requesting *Nygren* credit for the time he spent in residential treatment. Judge Aarseth eventually ruled that *Nygren* did not apply in Triplett's case because the parole board, and not the superior court, had ordered Triplett into residential treatment. Triplett now appeals to this court.

*Triplett is not entitled to receive credit under Nygren for time that was not served pending his trial, sentencing, or appeal*

Alaska Statute 12.55.025(c) requires a sentencing judge to give a defendant "credit for time spent in custody pending trial, sentencing, or appeal." The interpretation of this statute is a legal issue that we review de novo.[3]

In *Lock v. State*,[4] the Alaska Supreme Court concluded that, for purposes of this statute, "time spent in custody" includes time spent in residential treatment as a condition of an order suspending the imposition of sentence.[5] Then, in *Nygren*, this court held that a defendant is similarly entitled to credit for time spent in residential treatment while released on bail, as long as the defendant "is subjected to restrictions approximating those experienced by one who is incarcerated."[6]

Both *Lock* and *Nygren* are based on AS 12.55.025(c), and neither decision altered the statutory requirement that the time in custody be spent "pending trial, sentencing, or appeal." Indeed, the *Lock* court specifically recognized that a probationer could not claim that the time he spent on probation was "pending sentencing" unless the probation was ordered as a condition of a suspended imposition of sentence:

> [I]n *Paul* [*v. State*, 560 P.2d 754 (Alaska 1977)], the trial court, pursuant to AS 12.55.080, actually imposed sentence but suspended the execution of a portion thereof. *Thus, Paul could not claim that the time he spent on probation was "pending ... sentencing" within AS 11.05.040.*[7] [In Lock's case] the *imposition* of sentence was suspended pursuant to AS 12.55.085(a), but could be pronounced upon revocation of probation "at any time after the suspension of the sentence within the longest period for which the defendant might have been sentenced." The time Lock spent on probation in Family House and Akeela House was therefore literally "pending ... sentencing" within the language of AS 11.05.040.[8]

This court also noted this distinction when we followed *Lock* in the *Nygren* case: "[I]n *Paul* the court had imposed a sentence and then suspended it, so that Paul could not claim that the time he spent on probation was 'pending ... sentencing' under former AS 11.05.040."[9] So both *Lock* and *Nygren* recognized that a probationer does not receive credit for time spent on probation after a court imposes sentence.

Triplett argues that a decision on this basis would "reverse a substantial and long-established body of Alaska sentencing jurispru-

3. See *Hammock v. State*, 52 P.3d 746, 751 (Alaska App.2002).

4. 609 P.2d 539 (Alaska 1980).

5. *Id.* at 545.

6. 658 P.2d at 146.

7. Former AS 11.05.040 was essentially reenacted as AS 12.55.025(c). See *Nygren*, 658 P.2d at 142 n. 1.

8. *Lock*, 609 P.2d at 543 (first emphasis added) (footnotes and internal citations omitted).

9. *Nygren*, 658 P.2d at 145.

dence." But for this proposition he cites *Lock* and *Nygren,* cases which, as just discussed, recognized that time served on probation is not "pending sentencing" unless the imposition of sentence has been suspended. He also cites *Matthew v. State,*[10] a case where we recently reserved decision on this very question.[11] These citations do not demonstrate a long-established jurisprudence. On the contrary, the limited case law on this issue recognizes that credit for residential treatment is limited to time served pending trial, sentencing, or appeal.

It is important to note that this case does not involve the application of AS 12.55.027, a new statute that applies to sentences imposed on or after July 1, 2007.[12] Triplett was sentenced before this new statute became effective, and we express no opinion on the meaning or application of this statute.

Triplett did not spend his time in residential treatment while "pending trial, sentencing, or appeal," so he did not qualify for credit under AS 12.55.025(c) for the time he served in treatment. Judge Aarseth, therefore, correctly concluded that Triplett was not entitled to credit against the sentence the judge imposed when he revoked Triplett's probation.

*Conclusion*

We therefore AFFIRM the superior court order denying Triplett credit for the time he served in residential treatment.

---

**10.** 152 P.3d 469 (Alaska App.2007).

**11.** *Id.* at 472.

**12.** *See* ch. 24, § 36(a), SLA 2007.