# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2013 WY 130

*October Term, A.D. 2013*

*October 16, 2013*

| | |
|---|---|
| CHARLES L. JACKSON, | |
| **Appellant**<br>(Defendant), | |
| v. | S-13-0135 |
| THE STATE OF WYOMING, | |
| **Appellee**<br>(Plaintiff). | |

## ORDER REVERSING JUDGMENT AND SENTENCE

[¶1]     **This matter** came before the Court upon a "Motion for Reversal and Remand," e-filed herein September 30, 2013, by the State of Wyoming.  After a careful review of the motion, "Appellant's Resistance to Motion for Reversal and Remand," and the file, this Court finds as follows.  Appellant was charged with one count of first degree sexual assault under Wyo. Stat. Ann. § 6-2-302(a)(iii).  After a jury trial, Appellant was convicted of third degree sexual assault pursuant to Wyo. Stat. Ann. § 6-2-304(a)(iii).

[¶2]     In its motion, the State of Wyoming confesses that the district court erred in convicting Appellant of third degree sexual assault.  The State agrees with Appellant that the jury should not have been instructed on third degree sexual assault, because that offense was not charged and is not a lesser included offense of first degree sexual assault.  The parties do not agree on why third degree sexual assault is not a lesser included offense of first degree sexual assault.  This Court finds that, under controlling precedent, "[f]irst-degree sexual assault is a general intent crime." *Bryan v. State*, 745 P.2d 905, 909 (Wyo. 1987).  The Court acknowledges that Appellant wishes to argue that *Bryan* is incorrect and should be overturned.  However, this Court finds that such an argument is appropriately left for another day.  This Court also agrees with the State that third degree sexual assault requires proof of a different *mens rea* than first degree, because sexual contact requires "touching, with the intention of sexual arousal, gratification or abuse of error." Wyo. Stat. Ann. § 6-2-301(a)(vi).  Thus, given the different *mens rea* required to prove the two offenses, this Court agrees with the State of Wyoming that third degree sexual assault is not a lesser included offense of first degree sexual assault and that the jury here should not have been so instructed.

[¶3]   This Court further agrees that the Appellant's conviction for third degree sexual assault should be reversed.  *Craney v. State*, 798 P.2d 1202, 1206 (Wyo. 1990) ("To charge Craney with first degree sexual assault and attempted first degree sexual assault and then convict him of third degree sexual assault and attempted third degree sexual assault not only prevents an adequate defense, but allows for the conviction of an uncharged crime. . . .  For these reasons, we reverse Craney's convictions and sentences for attempted third degree sexual assault and third degree sexual assault.")  It is, therefore,

[¶4]   **ORDERED** that the district court's April 23, 2013, "Judgment and Sentence" be, and hereby is, reversed and vacated.

[¶5]   **DATED** this 16th day of October, 2013.

BY THE COURT:

/s/

**MARILYN S. KITE**
**Chief Justice**