Joseph P. **TUCKFIELD**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. 4569.

Supreme Court of Alaska.

Jan. 16, 1981.

James H. Cannon, Asst. Public Defender, Fairbanks and Brian Shortell, Public Defender, Anchorage, for appellant.

James P. Doogan, Jr., Asst. Dist. Atty. and Harry L. Davis, Dist. Atty., Fairbanks and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

BURKE, Justice.

Joseph Paul Tuckfield was convicted by a Barrow jury of rape[1] and assault with in-

---

1. Former AS 11.15.120(a).

tent to rape.[2] The offense took place in the early morning hours of July 6, 1978, on the covered stairway of a Barrow store; the victim was an acquaintance of Tuckfield. During the rape he knocked her unconscious by banging her head on the stairway when she attempted to cry for help. Superior Court Judge Jay Hodges sentenced Tuckfield to concurrent sentences of twenty years for the rape and fifteen for the assault. Tuckfield has appealed both his conviction and the court's sentence.

We find no merit to Tuckfield's contention that his photographic identification by the victim was improperly suggestive and, therefore, affirm the conviction for rape without further discussion. We also conclude that the sentence imposed for the rape was not excessive. However, while Tuckfield has failed to urge the point on appeal or at trial, we find that the offense of assault with intent to commit rape is a lesser included offense to rape. As a result, we vacate that conviction and the sentence imposed on it.

I

■ Under Criminal Rule 47(b), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Such an error must affect a substantive right and be obviously prejudicial before it will be noticed on appeal. *Gilbert v. State*, 598 P.2d 87, 92 (Alaska 1979). These standards are met in the case at bar, because Tuckfield's conviction and sentence on the second charge violate the double jeopardy provision of the Fifth Amendment to the United States Constitution and article I, section 9 of the Alaska Constitution.

■ It is well settled that double jeopardy is violated by conviction of both an offense and a lesser included offense, unless the convictions arise from separate conduct. *E. g., In re Dennis B.*, 18 Cal.3d 687, 135 Cal.Rptr. 82, 557 P.2d 514, 517 (Cal.1976); *People v. Brown*, 185 Colo. 272, 523 P.2d 986, 988 (1974). The rule is related to, but

distinguishable from, the question considered in *Whitton v. State*, 479 P.2d 302 (Alaska 1970), and subsequent cases, concerning when separate punishment may be imposed for separate statutory offenses arising out of the same conduct. Under *Whitton*, the court must examine the statutes in question to determine whether they involve differences in intent or conduct, and judge the substantiality of those differences. *Id.* at 312. A lesser included offense may differ in terms of conduct or intent from the greater offense, as the governing principle is whether the facts in evidence demonstrate one could have committed the greater offense without also having committed the offense of lesser magnitude. *Elisovsky v. State*, 592 P.2d 1221, 1225–26 (Alaska 1979); *Christie v. State*, 580 P.2d 310, 317 (Alaska 1978). However, a conviction of both will still be proscribed by the double jeopardy bar.

■ We therefore turn to the question of whether the offense of assault with intent to commit rape is a lesser included offense of rape. We have not previously considered the point, but other courts have found this relationship between these offenses, and the logic of their holdings compels us to reach the same result. *E. g., Government of Virgin Islands v. Greenidge*, 600 F.2d 437, 440 (3d Cir. 1979); *United States v. Blankenship*, 548 F.2d 1118, 1120 (4th Cir.), *cert. denied*, 425 U.S. 978, 96 S.Ct. 2182, 48 L.Ed.2d 803 (1976); *United States v. Stone*, 472 P.2d 909, 915 (5th Cir. 1973); *People v. Moran*, 33 Cal.App.3d 724, 109 Cal.Rptr. 287, 291 (1973); *People v. Gomez*, 184 Colo. 319, 519 P.2d 1191, 1194 (1974); *State v. Cook*, 242 Or. 509, 411 P.2d 78, 83 (1966); *State v. Bowen*, 12 Wash.App. 604, 531 P.2d 837, 839 (1975); *Martinez v. State*, 511 P.2d 105, 108 (Wyo.1973). Plainly the completion of a rape requires that there be an assault and that the assailant intends to commit rape.

We recognize that we have previously upheld a defendant's convictions for both assault with intent to commit rape and

2. Former AS 11.15.160.

rape,[3] but in that instance the convictions arose from separate incidents. Here, as the trial court recognized at sentencing, the two convictions arose from the same transaction, as Tuckfield threw his victim to the floor, banged her head on it when she screamed for help, and raped her. As we recognized in *Whitton*, even where the court imposes concurrent rather than consecutive sentences the constitutional provision is violated, as

> there are collateral disadvantages that follow from receiving two concurrent sentences, such as the prejudicial effect on the prisoner's chances of parole. Since the likelihood or lack of it of being released on parole is a critical factor in relation to imprisonment and the consequent deprivation of liberty, this collateral consequence of concurrent sentences does affect jeopardy in a very substantial way.

*Whitton v. State*, 479 P.2d at 314 (footnote omitted).

We therefore remand with instructions to vacate Tuckfield's conviction and sentence on the lesser charge, assault with intent to rape.

## II

■ Tuckfield's twenty-year sentence for rape is the maximum permitted.[4] We have not previously considered a twenty-year sentence for rape where that was the maximum term.[5] "In sentencing, it should be remembered that the maximum sentence for a particular offense expresses a legislative judgment about how the worst offender within a class designated by the legislature should be treated." *Waters v. State*,

483 P.2d 199, 201 (Alaska 1971). This class is "the group of those persons committing the offense in question...." *Wilson v. State*, 582 P.2d 154, 157 n. 3 (Alaska 1978). The worst offender characterization "may be based on the particular manner of committing the offense, the background of the offender, or both. *See Saganna v. State*, 594 P.2d 69 (Alaska 1979)."[6] *Moore v. State*, 597 P.2d 975, 976 & n.4 (Alaska 1979). However, the general guidelines concerning worst offenders do not "preclude the sentencing judge from considering a variety of factors which can make a defendant a 'particularly difficult type of offender.' *Tarnef v. State*, 492 P.2d 109, 118 (Alaska 1971)." *Whitton v. State*, 533 P.2d 266, 269 (Alaska 1975).

■ In sentencing Tuckfield to the maximum term, Judge Hodges found Tuckfield to be a "worst offender" primarily because of his extensive criminal record, as an adult and a juvenile, including two prior felonies which had caused Tuckfield to have spent most of his adult life in prison. The judge also emphasized Tuckfield's knocking his victim unconscious during the assault. He stated that his sentence was intended to deter others and express society's condemnation of Tuckfield's crimes, and that Tuckfield, who had not admitted his guilt, had no potential for rehabilitation. Tuckfield was twenty-six years old at the time of sentencing, and had twice previously been convicted of burglary.

This is Tuckfield's first conviction of a violent felony, but we agree with the trial court that his background does not present substantial potential for rehabilitation. The psychiatrist who evaluated Tuckfield

3. *Morrell v. State*, 575 P.2d 1200 (Alaska 1978).

4. Former AS 11.15.130(c).

5. In *Torres v. State*, 521 P.2d 386 (Alaska 1974), we affirmed a 20 year sentence for the rape of a 14 year old. The maximum penalty for Torres' crime under former AS 11.15.130(a) was any term of years. *Mallott v. State*, 608 P.2d 737 (Alaska 1980), similarly affirmed a 30 year sentence, with 15 years suspended. *Coleman v. State*, 621 P.2d 869 (Alaska, 1980), upheld a 30 year sentence after the prosecution invoked the former sentence enhancement stat-

ute, AS 12.55.050, under which 40 years was the maximum term.

6. The background factors include "prior criminal convictions, age, military records, employment history, drug or alcohol addiction, presentence report evaluations and recommendations, and behavior which has been considered to demonstrate an antisocial nature or dangerous propensities which pose a clear risk to the public." *State v. Wortham*, 537 P.2d 1117, 1120 (Alaska 1975) (citations omitted).

found him to have an antisocial personality, and concluded that prognosis for rehabilitation was poor "not only because of his demonstrated tendency to recidivism, but also because of his lack of any positive interest and motivation toward a more socially acceptable adjustment." Tuckfield has apparently not held a paying job. He did not present any witnesses at the sentence hearing, and declined the opportunity to speak in his own behalf. His behavior has been antisocial and dangerous to the community.

Even if Tuckfield's background might not merit classifying him as a worst offender among those convicted of rape because of the absence of prior violent felony convictions, we believe that his background in conjunction with the nature of his crime merits this classification. While Tuckfield argues that his crime was not the most brutal rape that has occurred, the state properly answers that such a finding is unnecessary to worst offender classification, as we look instead to whether the defendant is the worst *type* of offender. Tuckfield knew the victim had been drinking. He did not subdue her by mere threat of force, but repeatedly banged her head on the floor until she lost consciousness. After the rape he left her unconscious and in a place where she was unlikely to be noticed. Such conduct aggravates an already despicable crime and make irrelevant Tuckfield's statement that a weapon was not used in the attack. Further, the victim of the rape suffered a concussion, and at trial she testified that she still has headaches and sharp pains in her head. These physical injuries must be considered in conjunction with the harm to the victim's "sanctity and dignity as a human being." *Coleman v. State,* 621 P.2d 869, 885 n.26 (Alaska 1980) (citations omitted).

■ We also reject Tuckfield's argument that his sentence leaves no further room for increased punishment for a defendant who has a prior violent felony conviction. As

our decision in *Coleman* demonstrates, the legislature has provided for enhanced penalties for such persons.[7] We believe that the trial court was not clearly mistaken in finding Tuckfield to be among those committing the worst type of rape, and his sentence is affirmed.

The case is REMANDED with instructions to vacate the conviction and sentence for assault with intent to rape, but the judgment is otherwise AFFIRMED.

---

7. Former AS 12.55.050. The new criminal code considers previous felony convictions in fixing a presumptive sentence, AS 12.55.125, and, as aggravating factors allowing an increase in the sentence if the defendant has three or more prior felony convictions, AS 12.55.155(c)(15), or if a prior felony was of a more serious class of offense, AS 12.55.155(c)(7).