Michael E. ALLEY, Appellant,

v.

STATE of Alaska, Appellee.

No. A–368.

Court of Appeals of Alaska.

Aug. 9, 1985.

**234**

Charles R. Pengilly, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Cynthia M. Hora, Assistant Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Michael E. Alley pled *nolo contendere* and was convicted of forgery in the third degree, a class A misdemeanor. AS 11.46.-510(a)(3). He was subsequently convicted after a bench trial of misconduct involving a controlled substance in the fourth degree, AS 11.71.040(a)(9), based on an allegation that he obtained oxycodone, a controlled substance, by uttering a forged prescription. Misconduct involving a controlled substance in the fourth degree is a class C felony. Both offenses involve the same transaction. Judge Van Hoomissen sentenced Alley to ninety days' imprisonment for forgery in the third degree and four years with all but ninety days suspended for misconduct involving a controlled substance in the fourth degree. The two sentences were made concurrent.

Alley sought dismissal of the felony charge arguing that under the circumstances the misdemeanor forgery was a lesser-included offense of the felony obtaining a controlled substance by false pretenses. Therefore, he argued, entry of judgment on his plea of *nolo contendere* to the misdemeanor barred further prosecution for the felony. *See Brown v. Ohio*, 432 U.S. 161, 168, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187, 196 (1977). Alternatively, he argued if separate convictions were permissible, separate punishments were not. *Tuckfield v. State*, 621 P.2d 1350, 1352 (Alaska 1981). Judge Van Hoomissen denied Alley's motion to dismiss the felony charges and he appeals. We affirm Alley's felony conviction.

■ Alley concedes that under current federal constitutional law his plea of *nolo contendere* to misdemeanor forgery would not preclude a subsequent conviction for misconduct involving a controlled substance in the fourth degree based upon the same conduct even if the former was a lesser-included offense of the latter. *See Ohio v. Johnson*, ── U.S. ──, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). He nevertheless argues that we should interpret our

Alaska Constitution's protections against double jeopardy more broadly than the federal provision. We are satisfied that Alaska constitutional law does not preclude trial on a greater offense after conviction of a lesser offense where the two offenses are charged together and an intervening plea to the lesser offense or mistrial on the greater offense precludes the state from having a jury pass on the greater offense. *See, e.g., Staael v. State,* 697 P.2d 1050 (Alaska App.1985), *petition for hearing granted* (Alaska, July 15, 1985); *Hughes v. State,* 668 P.2d 842 (Alaska App.1983); *see also Dresnek v. State,* 697 P.2d 1059 (Alaska App.1985), *petition for hearing granted* (Alaska, July 15, 1985).

A defendant's protection against double jeopardy is best served by having the state include all offenses of which it is aware in a single charging document. The state would be discouraged from doing this if a defendant, by exercising his right to plead *nolo contendere* to lesser-included misdemeanor charges, could thereby bar conviction on felony charges contained in the same indictment. We therefore reject Alley's double jeopardy argument.

 Nevertheless, even though prosecution for the greater offense would not be barred by the double jeopardy clause, multiple punishment for a greater offense and a lesser-included offense do violate Alaska constitutional law. *See Tuckfield v. State,* 621 P.2d at 1352. While Alley received concurrent sentences, this fact does not overcome the double jeopardy bar. *Whitton v. State,* 479 P.2d 302, 314 (Alaska 1970) (where two sentences are imposed for the same offense, even though they are for the same period of time and run concurrently, the constitutional prohibition against double jeopardy has been violated).

 Having reviewed the record and the party's arguments, we are satisfied that Judge Van Hoomissen erred in concluding that misdemeanor forgery and obtaining a controlled substance by forgery are separate offenses which in an appropriate case permit separate sentences.

AS 11.46.510(a)(3) provides:

A person commits the crime of forgery in the third degree if, with intent to defraud, the person

. . . . .

(3) knowingly utters a forged instrument.

AS 11.46.580(b)(2) defines "utter" as "to issue, deliver, publish, circulate, disseminate, transfer or tender a written instrument or other object to another."

AS 11.71.040(a)(9) provides:

[A] person commits the crime of misconduct involving a controlled substance in the fourth degree if the person

. . . . .

(9) obtains possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge.

In *Whitton,* the supreme court established a flexible test for determining when separate statutory violations constitute the same offense for double jeopardy purposes such that only one sentence may be imposed. The court required that trial courts considering the issue focus upon the quality of the differences, if any exist, between the separate statutory offenses, as such differences relate to the basic interests sought to be vindicated or protected by the statutes.

The trial judge first would compare the different statutes in question, as they apply to the facts of the case, to determine whether there were involved differences in intent or conduct. He would then judge any such differences he found in light of the basic interests of society to be vindicated or protected, and decide whether those differences were substantial or significant enough to warrant multiple punishments. The social interests to be considered would include the nature of personal property or other rights sought to be protected, and the broad objectives of criminal law such as punishment of the criminal for his crime, reha

bilitation of the criminal, and the prevention of future crimes.

479 P.2d at 312.

■ On these facts misdemeanor forgery and obtaining a controlled substance by deception involve only slightly different conduct. The first is satisfied by the presentment of the forged prescription. The latter involves the additional act of receiving the drugs. Nevertheless, the two statutes address the same societal interests. It is true that the forgery statute serves the societal interest of preserving the integrity of negotiable instruments. *Harris v. State*, 678 P.2d 397, 408 (Alaska App.1984), *rev'd on other grounds* 705 P.2d 410 (Alaska Supreme Court Order, February 1, 1985) (opinion to follow), while the controlled substance statute protects the community's interest in regulating the availability and distribution of dangerous drugs in the community. Closer examination, however, reveals that the forgery statute, to the extent that it includes forgery of prescriptions, is intended to protect the same societal interest, namely regulation of the availability of harmful drugs. Since the two statutory violations constituted a single offense, separate punishments were inappropriate.[1]

The foregoing analysis is supported by consideration of our recent decisions dealing with the cognate approach to lesser-included offenses. *See, e.g., Marker v. State*, 692 P.2d 977 (Alaska App.1984), and *Minano v. State*, 690 P.2d 28, 30–31 (Alaska App.1984), *petition for hearing granted* (Alaska, January 22, 1985). Under the cognate approach the court must still examine the statutory elements of the offenses as a means of determining lesser-included offenses. Here felony statute AS 11.71.040(a)(9) specifically refers to obtaining drugs by forgery as a means of committing the offense of misconduct involving a controlled substance in the fourth degree. Under these circumstances the misdemeanor forgery, AS 11.46.510(a)(3), is a lesser-included offense of the felony obtaining drugs by forgery. *See Tuckfield*, 621 P.2d at 1352 (distinguishing *Whitton* on similar reasoning). Further, in *Marker*, we noted cases from other jurisdictions dealing with the cognate approach to lesser-included offenses.

Cases decided in other jurisdictions strongly suggest that the cognate approach should be applied realistically, not restrictively, and that, even if the jury could theoretically convict of the charged offense without also convicting of the lesser, a lesser-included offense instruction may be appropriate when: (1) the evidence relied on by the state would support conviction of a lesser offense, (2) the lesser offense is inherently related to the offense charged, so that proof of the greater would ordinarily—but not invariably—entail proof of the lesser, and (3) the accused's theory of defense is not inconsistent with conviction of the lesser and acquittal of the greater.

692 P.2d at 983 (citations omitted). Close examination of the *Marker/Minano* rule establishes that it is quite consistent with *Whitton*. For as the Supreme Court of California pointed out in discussing the second prong of the test,

---

**1.** We recognize that the situation presented by the two offenses charged against Alley bears a superficial resemblance to the situation which exists when a person is separately charged with forging an instrument and uttering the instrument as a means of obtaining property by false pretenses. At common law separate convictions and punishments were allowed for these two crimes. W. LaFave & A. Scott, Criminal Law at 671–72 (1972) ("much as one who breaks and enters a dwelling house with intent to steal, and then does steal, is guilty of both burglary and larceny"). The commentary to the Model Penal Code suggests that the same rule would apply under the revised code. Model Penal Code § 224 commentary at 283–84 (1980). While forgery and obtaining property by false pretenses are separate crimes, we are satisfied that forgery and obtaining drugs by forgery are not. Forgery jeopardizes the community's interest in the integrity of negotiable instruments which *would be jeopardized even if the defendant* failed to obtain any property while a theft offense would in addition violate society's interest in protecting property. In contrast, Alley has violated but one societal interest by his two offenses: regulation of the availability of dangerous drugs. Consequently, but one conviction and punishment are authorized.

[T]here must also be an "inherent" relationship between the greater and lesser offenses, *i.e.,* they must relate to the protection of the same interests, and must be so related that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense. This latter stipulation is prudently required to foreclose a tendency which might otherwise develop towards misuse by the defense of such rule. In the absence of such restraint defense counsel might be tempted to press the jury for leniency by requesting lesser included offense instructions on every lesser crime that could arguably be made out from any evidence that happened to be introduced at trial.

*People v. Geiger,* 674 P.2d 1303, 1308–09 (Cal.1984), *quoting United States v. Whitaker,* 447 F.2d 314, 319 (D.C.Cir.1971). The requirement that lesser-included offenses have an inherent relationship such that they relate to the protection of the same interests reflects the same concern voiced in *Whitton* that separate statutory offenses to be considered the same offense must protect the same societal interest. The two offenses here violate the same societal interest. Consequently, we remand with instructions to vacate Alley's conviction and sentence on the lesser charged forgery in the third degree.

The case is REMANDED with instructions to vacate the conviction and sentence for forgery, but the judgment is otherwise AFFIRMED.