William R. Satterberg Jr., Fairbanks, for the Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

**Jeremy A. RIDLINGTON, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8533.

Court of Appeals of Alaska.

June 18, 2004.

*OPINION*

MANNHEIMER, Judge.

In the early morning hours of July 23, 2002, Nenana Police Chief Milton J. Haken arrested Jeremy A. Ridlington for driving while intoxicated. Haken initially filed a misdemeanor DWI complaint against Ridlington in the Nenana district court. Later that same day, after Haken learned that Ridlington had two prior DWI convictions, he filed a second complaint—this one charging Ridlington with felony DWI (*i.e.*, driving while intoxicated after having previously been convicted of DWI or breath-test refusal at least twice).[1]

Two days after his arrest (*i.e.*, on July 25), Ridlington appeared for arraignment in front of Nenana Magistrate Paul Verhagen. Ridlington was assisted by counsel, who appeared telephonically.

Ridlington and his attorney were aware that two complaints—the misdemeanor DWI complaint and the felony DWI complaint—had been filed against Ridlington based on the same conduct. Acting on the advice of his attorney, Ridlington attempted to plead guilty to the misdemeanor charge—anticipating that his guilty plea to this lesser included

1. *See* AS 28.35.030(n).

charge would then bar the State from pursuing the felony charge. But because the felony charge was also pending, Magistrate Verhagen refused to allow Ridlington to plead guilty to the lesser included misdemeanor offense.

The following week, the State formally dismissed the misdemeanor complaint and the grand jury indicted Ridlington for felony DWI. After Ridlington was indicted, he attacked the felony charge on double jeopardy grounds. Ridlington argued (1) that the Nenana magistrate had had no authority to refuse to accept his offered guilty plea to the misdemeanor, and (2) that if he had been allowed to plead guilty to the misdemeanor, his plea would have barred the State from pursuing the felony charge. When the superior court rejected this argument, Ridlington pleaded no contest to felony DWI, reserving his right to raise this double jeopardy issue on appeal.[2]

In his brief to this Court, Ridlington renews his contention that the magistrate had no right to refuse to allow him to enter a guilty plea to the misdemeanor charge. But even if this were so, Ridlington would not be prejudiced by the magistrate's action unless Ridlington's second contention were also true—his contention that, had he succeeded in entering a guilty plea to the misdemeanor charge, this would have barred the State from pursuing the felony charge.

Ridlington's second contention is, in fact, mistaken. The State could still prosecute Ridlington for felony DWI even if Ridlington had pleaded guilty on July 25 to the misdemeanor DWI charge.

In *Ohio v. Johnson,* 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), the defendant pleaded guilty to some of the charges in his indictment and then asserted that the double jeopardy clause barred the government from pursuing the remaining charges—because the charges to which the defendant had pleaded guilty were lesser included offenses of the remaining charges.[3] The Supreme Court rejected the defendant's argument:

Previously we have recognized that the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he has already been tried and acquitted or convicted on the lesser included offense. *See Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)....

We do not believe, however, that the principles of finality and prevention of prosecutorial overreaching applied in *Brown* reach [the present] case. No interest of respondent protected by the Double Jeopardy Clause is implicated by continuing prosecution on the remaining charges brought in the indictment. Here respondent offered only to resolve part of the charges against him, while the State objected to disposing of any of the counts against respondent without a trial. Respondent has not been exposed to conviction on the charges to which he pleaded not guilty, nor has the State had the opportunity to marshal its evidence and resources more than once or to hone its presentation of its case through a trial. The acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending, moreover, has none of the implications of an "implied acquittal" which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses. [citations omitted] There simply has been none of the governmental overreaching that double jeopardy is supposed to prevent. On the other hand, ending prosecution now would deny the State its right to one full and fair opportunity to convict those who have violated its laws. *Arizona v. Washington,* 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717 (1978).

... Here respondent's efforts were directed to separate disposition of counts in the same indictment where no more than one trial of the offenses charged was ever contemplated. Notwithstanding the trial court's acceptance of respondent's guilty pleas, respondent should not be entitled to

---

**2.** *See Cooksey v. State,* 524 P.2d 1251, 1256–57 (Alaska 1974) (approving this type of conditional plea).

**3.** *Johnson,* 467 U.S. at 500, 104 S.Ct. at 2541.

use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges.

*Johnson,* 467 U.S. at 501–02, 104 S.Ct. at 2542.

In *Alley v. State,* 704 P.2d 233, 235 (Alaska App.1985), this Court endorsed this same resolution of the issue as a matter of state constitutional law.

Ridlington acknowledges that *Ohio v. Johnson* and *Alley v. State* are apparently counter to his contention in this appeal. But he points out that, unlike the situations in *Johnson* and *Alley,* the charges against him were not contained in the same charging document, but rather were contained in separate charging documents.

We do not view this as a material distinction. Both of the complaints against Ridlington were filed before he made his initial appearance in court. Ridlington and his attorney were well aware of the two complaints; indeed, Ridlington's motivation for trying to plead guilty to the misdemeanor complaint was to stop the State from pursuing the felony complaint that had already been filed. Under these circumstances, the reasoning and policies described by the Supreme Court in *Ohio v. Johnson* apply with equal vigor to Ridlington's case.

We note that at least two federal circuits have concluded that *Ohio v. Johnson* applies to circumstances like these—situations in which the pending charges against the defendant are contained in more than one charging document. *See Buchanan v. Angelone,* 103 F.3d 344, 349–350 (4th Cir.1996); and *Bally v. Kemna,* 65 F.3d 104, 108–09 (8th Cir.1995). *See also State v. Nickens* (unpublished), 1993 WL 291731, *6 & n. 11 (Tenn. Crim.App.1993).

Given our resolution of the double jeopardy issue, we need not reach the question of whether a judicial officer has the authority to refuse to accept an offered guilty plea on grounds other than the possibility that the plea is not knowing and intelligent.

The judgement of the superior court is AFFIRMED.