Murville Lavelle LAMPKIN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–8760.

Court of Appeals of Alaska.

Aug. 11, 2006.

---

20. *Id.*

21. *State v. G.B.,* 769 P.2d 452, 456 (Alaska App. 1989). *See also Adams,* 103 P.3d at 911; *Eldridge v. State,* 848 P.2d 834, 838 (Alaska App. 1993).

Colleen A. Libbey, Libbey Law Offices, Anchorage, for the Appellant.

W.H. Hawley Jr., Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

While Murville Lavelle Lampkin was serving a jail sentence, guards discovered that he was in possession of oxycodone and tetrahydrocannabinol. Lampkin was convicted of fourth-degree controlled substance misconduct for possessing the oxycodone, and fifth-degree controlled substance misconduct for possessing the tetrahydrocannabinol.[1] In addition, because Lampkin was a prisoner in the jail, he was convicted of promoting contraband in the first degree for possessing these two controlled substances.[2]

In this appeal, Lampkin contends that, under the double jeopardy clause of the Alaska Constitution, he can not be convicted of the two drug possession charges (the fourth- and fifth-degree controlled substance misconduct charges) when, at the same time, he stands convicted of the promoting contraband charge.

Lampkin argues that his separate convictions violate the rule announced by the Alaska Supreme Court in *Whitton v. State,* 479 P.2d 302 (Alaska 1970). Lampkin also argues (in the alternative) that the two drug possession charges are "lesser included offenses" of the promoting contraband charge, and thus the Alaska Supreme Court's decision in *Tuckfield v. State,* 621 P.2d 1350 (Alaska 1981), bars separate convictions on the drug possession charges.

The supreme court's decision in *Whitton* deals with the problem presented when a

---

1. AS 11.71.040(a)(3)(A) and AS 11.71.050(a)(3)(A), respectively.

2. AS 11.56.375(a)(3).

defendant's single act violates two criminal statutes. *Whitton* provides the ground rules for determining whether the two statutes should be viewed as defining a single "offense" for double jeopardy purposes. *See Erickson v. State,* 950 P.2d 580, 583 (Alaska App.1997).

*Whitton* directs us to consider "the basic interests of society to be vindicated or protected" by the two statutes, as well as "the broad objectives of [the] criminal law[,] such as punishment of the criminal for his crime, rehabilitation of the criminal, and the prevention of future crimes". *Whitton,* 479 P.2d at 312.

Here, we readily conclude that the two statutes constitute separate crimes for purposes of the *Whitton* analysis. Society has an interest in preventing or discouraging the unauthorized possession of controlled substances; it has a separate interest in preventing or discouraging the introduction of contraband into correctional facilities.

In addition, both first-degree promotion of contraband and fourth-degree controlled substance misconduct (unlawful possession of a schedule IA or schedule IIA controlled substance) are class C felonies.[3] If we were to declare that Lampkin could be convicted of only one crime—promoting contraband—for his possession in jail of oxycodone (a schedule IA controlled substance[4]), the practical effect of our ruling would be that prisoners would face no greater punishment for possession of a schedule IA or schedule IIA controlled substance in jail than they would face if they possessed these controlled substances elsewhere. In *Mead v. State,* 489 P.2d 738 (Alaska 1971), the Alaska Supreme Court pointed out this same problem when the court ruled that *Whitton* allows separate convictions for burglary (*i.e.,* breaking into a building with intent to steal) and the ensuing act of theft:

> If conviction for burglary alone were permitted, the successful burglar [*i.e.,* the burglar who succeeds in committing a theft inside the building] would receive no greater punishment than the unsuccessful one. [Conversely, if] conviction for larceny alone

were allowed, ... private areas where our citizens have historically maintained reasonable expectations of greater privacy would receive no more protection against theft than public halls.

*Mead,* 489 P.2d at 741–42.

The supreme court has repeatedly upheld separate criminal convictions when a defendant's single act violated two statutes, as long as each statute protected a separate societal interest. See *Jacinth v. State,* 593 P.2d 263, 266–67 (Alaska 1979), where the supreme court upheld separate convictions for arson and manslaughter when the defendant set fire to a movie theater and accidentally killed a man who lived inside the building; *Catlett v. State,* 585 P.2d 553, 558 (Alaska 1978), where the supreme court upheld separate convictions for grand larceny and for stealing or removing parts of an aircraft when the defendant had committed a single act of removing a pair of landing skis from a float plane; and *Drahosh v. State,* 442 P.2d 44, 49 (Alaska 1968), where the supreme court held that a person can be separately convicted for leaving the scene of a motor vehicle accident and for failing to render aid to persons injured in that accident.

Based on these cases, and based on our conclusion that society has a significant independent interest in preventing or discouraging the introduction of contraband substances into correctional facilities, we hold that, consistent with *Whitton,* Lampkin can be separately convicted and punished for, on the one hand, promoting contraband and, on the other hand, the two counts of controlled substance misconduct.

■ This leaves Lampkin's argument that, even if his separate convictions survive a *Whitton* analysis, separate convictions are nevertheless barred under *Tuckfield* because the promoting contraband charge and the two drug possession charges stand in the relationship of greater offense and lesser offenses.

---

**3.** *See* AS 11.56.375(b) and AS 11.71.040(d).

**4.** *See* AS 11.71.140(b)(1)(N).

 Under Alaska's cognate approach to lesser included offenses, an offense is a lesser included offense of another charged offense if, given the way the case was charged and litigated, it would be impossible for the jury to conclude that the defendant was guilty of the purported greater offense without also concluding that the defendant was guilty of the purported lesser offense.[5] Thus, to answer Lampkin's argument, we must examine the elements of the offenses as charged and proved in this case.

Both of the drug possession charges required the State to prove that Lampkin knowingly possessed the controlled substance at issue—oxycodone for the fourth-degree controlled substance misconduct charge, and tetrahydrocannabinol for the fifth-degree controlled substance misconduct charge. See AS 11.81.610(b)(1), which declares that "knowingly" is the culpable mental state that presumptively applies to conduct—here, Lampkin's acts of possession.

The promoting contraband charge required the State to prove that Lampkin violated the basic form of this crime—promoting contraband in the second-degree—by "possess[ing] ... anything that [the] person knows to be contraband" while the person is under official detention in a correctional facility. AS 11.56.380(a)(2). In addition, the State was obliged to prove the aggravating circumstance that raised the degree of Lampkin's offense from second-degree to first-degree: the fact that the contraband at issue was a controlled substance. AS 11.56.375(a)(3).

At first blush, it might appear that, under the facts of Lampkin's case, promoting contraband was merely an aggravated form of drug possession. That is, one might argue that Lampkin's basic crime was drug possession, and that this drug possession became promoting contraband because the drug possession took place in a correctional facility. But the State argues that this is not so.

The State points out that, under the basic definition of promoting contraband codified in AS 11.56.380(a), the State must prove that the defendant knew that the article they possessed was "contraband"—that is, knew it was an article that was barred by law from a correctional facility. (See the definition of "contraband" found in AS 11.56.390.) However, the definition of first-degree promoting contraband codified in AS 11.56.375(a) does not prescribe a culpable mental state regarding the aggravating circumstance that the contraband is a controlled substance.

Because the first-degree promoting contraband statute is silent with regard to the culpable mental state that must be proved concerning the defendant's awareness that the article of contraband is a controlled substance, the State urges us to follow the reasoning of cases such as *Bell v. State*, 668 P.2d 829, 833 (Alaska App.1983), and *Ortberg v. State*, 751 P.2d 1368, 1374 (Alaska App.1988). In both *Bell* and *Ortberg*, this Court held that, consistent with due process, the legislature can impose strict liability with regard to certain aggravating elements of an offense, so long as the offense, viewed in its totality, is defined so as to require proof that the defendant acted with a sufficient awareness or consciousness of wrongdoing.

If we were to follow the State's suggestion and interpret the first-degree promoting contraband statute so as not to require proof of any culpable mental state with regard to the aggravating circumstance that the contraband is a controlled substance, this would eliminate any potential *Tuckfield* problem—because, then, the promoting contraband charge and the two drug possession charges would clearly *not* stand in the relationship of

5. Under Alaska's cognate approach to lesser included offenses, the identification of potential lesser included offenses hinges on the facts charged in the indictment and the evidence presented at trial, rather than on the statutory elements of the greater and lesser offenses. *State v. Minano*, 710 P.2d 1013, 1016 (Alaska 1985); *Elisovsky v. State*, 592 P.2d 1221, 1226 (Alaska 1979). A lesser offense is "included" within the charged offense if, under the facts of the case, it would be impossible for the defendant to commit the charged offense without committing the lesser offense, and when conviction of the greater offense requires the jury to find a disputed fact that is not required for conviction of the lesser. *See Christie v. State*, 580 P.2d 310, 317 (Alaska 1978); *Sullivan v. State*, 766 P.2d 51, 56 (Alaska App.1988); *Abdulbaqui v. State*, 728 P.2d 1211, 1214 (Alaska App.1986).

greater offense and lesser included offenses. Rather, each would require proof of an element that the other did not.

The drug possession charges would require proof that Lampkin knew that the object in his possession was oxycodone or tetrahydrocannibinol. On the other hand, the promoting contraband charge would only require proof that Lampkin knew that the object in his possession was "contraband" (*i.e.*, any object that was not allowed in correctional facilities). (The State would also be required to prove that this object was, in fact, a controlled substance, and that Lampkin's possession of this object took place in a correctional facility.)

With the two offenses defined this way, it would be logically possible for a jury to conclude that Lampkin was guilty of promoting contraband (*i.e.*, that Lampkin acted knowingly with respect to the fact that the object in his possession was contraband) and yet, at the same time, conclude that Lampkin was not guilty of the drug possession charges (*i.e.*, that the State had failed to prove that Lampkin knew that the object of contraband in his possession was in fact a controlled substance). Because these verdicts would be logically reconcilable, the offenses would not stand in the relationship of greater offense and lesser included offenses.

We need not decide whether the State's suggested interpretation of the first-degree promoting contraband statute is correct. That is, we need not decide whether a prisoner faces strict liability on the issue of whether the article of contraband is a controlled substance. If we were to reject the State's approach, we would follow the rule of statutory construction codified in AS 11.81.610(b)(2)—the rule that the culpable mental state of "recklessly" applies to a defendant's awareness of a circumstance that makes the defendant's conduct criminal. In other words, we would be required to interpret the first-degree promoting contraband statute to require proof that Lampkin acted recklessly with regard to the possibility that the object of contraband in his possession was, in fact, a controlled substance.

This second possible interpretation of the promoting contraband statute leads to the same result (for *Tuckfield* purposes) as the State's suggested interpretation. Recklessness is a lesser culpable mental state than knowledge. Because of this, a jury could rationally conclude that Lampkin was guilty of promoting contraband because he acted recklessly with respect to the possibility that the object of contraband in his possession was a controlled substance, and yet, at the same time, the jury could conclude that Lampkin was not guilty of the drug possession charges because the State failed to prove that Lampkin *knew* that the objects of contraband in his possession were the controlled substances named in the drug possession counts of the indictment. Again, because these verdicts would be logically reconcilable, the offenses would not stand in the relationship of greater offense and lesser included offenses.

Thus, whether we were to adopt the State's proposed "strict liability" interpretation of the first-degree promoting contraband statute or, instead, we were to adopt the "recklessness" interpretation of the statute suggested by the rule of construction codified in AS 11.81.610(b)(2), the result is the same for *Tuckfield* purposes: even when the article of contraband in question is a controlled substance, the offense of possessing that controlled substance (under the pertinent provision of AS 11.71) is not a lesser included offense of first-degree promoting contraband under AS 11.56.375(a).

It is not enough for Lampkin to argue that, given the evidence in his case, one might reasonably expect the jury to find him guilty of all three offenses. As this Court noted in *Comeau v. State* when we discussed the related issue of whether a defendant is entitled to a jury instruction on a proposed lesser included offense: "When the evidence used to prove the [purported] greater offense would permit, but not require, a finding of the elements necessary to convict [the defendant] of the [purported] lesser [included] offense, neither the cognate theory nor the statutory elements theory requires a lesser-offense instruction." *Comeau*, 758 P.2d 108, 121 (Alaska App.1988) (Singleton, J., dissenting). In other words, even though the evidence at the defendant's trial may strongly

suggest that the defendant is guilty of both the greater offense and the lesser, the lesser offense is not "included" in the greater offense unless the defendant's guilt of the lesser offense *automatically* follows from a finding that the defendant is guilty of the greater offense.

For these reasons, we conclude that Lampkin was validly convicted and sentenced for all three offenses. The judgments of the superior court are AFFIRMED.