**STATE of Alaska, Petitioner,**

v.

**Joseph W. KAMEROFF, Respondent.**

**No. A–9621.**

Court of Appeals of Alaska.

Nov. 16, 2007.

As Corrected Nov. 26, 2007.

jury ordinarily should be given favorable consid-

W.H. Hawley, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Petitioner.

Dan S. Bair, Assistant Public Advocate, Chad W. Holt, Section Supervising Attorney, Anchorage Adult and Juvenile Section, and Joshua P. Fink, Public Advocate, Anchorage, for the Respondent.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### OPINION

COATS, Chief Judge.

The State filed complaints charging Joseph W. Kameroff with two counts of misdemeanor assault, one count of sexual assault in the second degree, and one count of sexual assault in the first degree. All of the charges

eration. . . .").

allegedly arose on July 1, 2005, at the Yukon Kuskokwim Correctional Center. A.S. was the alleged victim of all of the assaults. On the date set for Kameroff's preliminary hearing on the sexual assault charges, the State did not present any evidence, indicating that it intended to indict Kameroff on those charges. The court dismissed the felony charges under Criminal Rule 5 because the State had not presented sufficient evidence to hold Kameroff on those charges at a preliminary hearing.[1] The misdemeanor charges remained pending.

Approximately forty-five days later, Kameroff sought to change his plea on the two misdemeanor assault offenses. The prosecution objected on the ground that, if Kameroff entered his plea to the misdemeanor assault charges, he might be able to claim that double jeopardy barred the State from prosecuting him on sexual assault charges. Kameroff argued that he had an absolute right to enter a plea to the pending misdemeanor charges. Senior District Court Judge Ethan L. Windahl, relying on *Ridlington v. State*,[2] concluded that even if Kameroff pleaded guilty or no contest to the misdemeanors, those pleas would not bar the State from prosecuting Kameroff on the felony charges. Nevertheless, Judge Windall granted the State's motion to delay the misdemeanor change of plea hearing, so as to allow the State to proceed with an indictment.

A grand jury indicted Kameroff on the felony sexual assault charges in which A.S. was the victim, along with several other charges that are not relevant to this discussion. Kameroff then appeared in the superior court before Superior Court Judge Leonard R. Devaney, III. Kameroff moved to dismiss the felony sexual assault charges where A.S. was the alleged victim. Kameroff argued that Judge Windahl had illegally prevented him from changing his plea to the misdemeanor assault charges, and that those assault charges were lesser-included offenses of the felony sexual assault offenses. Kameroff asserted that, had he been allowed to

enter a plea to the misdemeanor assault charges, the State would have been barred from proceeding on the sexual assault charges under the Double Jeopardy Clause.

Judge Devaney ruled that Judge Windall should have allowed Kameroff to change his plea to the two misdemeanor assault charges. Judge Devaney further concluded that, had Kameroff been allowed to enter his no contest pleas to the misdemeanor charges, double jeopardy would have barred the State from prosecuting him on all of the felony charges in which A.S. was the alleged victim. He ruled that Kameroff was entitled to enter a plea of no contest to the two misdemeanor assault charges—and that, once Kameroff entered the pleas, the felony charges in which A.S. was the alleged victim would be dismissed because they were barred by double jeopardy.

The State petitioned for review of Judge Devaney's decision. We granted the petition. We now reverse Judge Devaney's order.

*Why we conclude that double jeopardy does not bar the State from proceeding on the felony charges*

Kameroff's argument and Judge Devaney's ruling rest on the assumption that if Judge Windall had allowed Kameroff to enter no contest pleas to lesser-included misdemeanor offenses, the State would be precluded from pursuing the greater felony charges. This assumption is incorrect. We start our discussion with *Ridlington v. State*.[3] Ridlington was arrested for driving while intoxicated. The State originally filed a misdemeanor DWI complaint, but the State discovered that Ridlington had prior DWI convictions and filed another complaint charging Ridlington with felony DWI.[4] Ridlington attempted to plead guilty to the misdemeanor charge, hoping that the Double Jeopardy Clause would then bar the State from pursuing the felony charge.[5] But the magistrate refused to allow Ridlington to enter a guilty plea to the misdemeanor. After the State indicted Ridling-

---

1. *See* Criminal Rule 5(e).

2. 93 P.3d 471 (Alaska App.2004).

3. 93 P.3d 471 (Alaska App.2004).

4. *Id.* at 471.

5. *Id.* at 471–72.

ton, he raised the same argument that Kameroff now raises. Ridlington argued that the magistrate had had no authority to refuse to accept his guilty plea to the misdemeanor. He argued "that if he had been allowed to plead guilty to the misdemeanor, his plea would have barred the State from pursuing the felony charge." [6] The superior court rejected Ridlington's argument, and Ridlington pleaded no contest to felony DWI, reserving his right to raise the double jeopardy argument on appeal.[7]

We held that, even if the magistrate had no right to refuse to allow Ridlington to enter a guilty plea to the misdemeanor charge, Ridlington was mistaken in his contention that the State could not have prosecuted him for felony DWI.[8] We relied on the leading United States Supreme Court case of *Ohio v. Johnson*.[9] In *Johnson*, the Supreme Court held that the defendant could not plead guilty to some of the charges in his indictment, which were lesser-included offenses of greater charges, and then assert that the Double Jeopardy Clause barred the government from pursuing the greater offenses.[10] The Supreme Court stated that it saw no reason to allow the defendant to "use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges." [11] The Supreme Court concluded that allowing the government to prosecute Johnson did not violate the basic protections of the Double Jeopardy Clause and did not involve any overreaching by the government that the Double Jeopardy Clause was supposed to prevent.[12] In *Ridlington*, we adopted the reasoning of the United States Supreme Court in *Johnson:*

Ridlington's motivation for trying to plead guilty to the misdemeanor complaint was to stop the State from pursuing the felony complaint that had already been filed. Under these circumstances, the reasoning and policies described by the Supreme Court in *Ohio v. Johnson* apply with equal vigor to Ridlington's case.[13]

Kameroff's case is distinguishable from *Johnson* and *Ridlington* in one respect. In both *Johnson* and *Ridlington*, the felony charges were pending at the time that the defendants either entered or attempted to enter their pleas to the lesser-included offenses. In Kameroff's case, the charges were not pending; they had been filed but they were later dismissed under Criminal Rule 5. But we conclude that this distinction is not important for the resolution of this case. For instance, in *United States v. Quinones*,[14] the defendant entered a guilty plea to several drug counts in the original indictment over the government's objection.[15] The defendant entered his pleas in the hope of barring a charge that he had possessed a firearm in connection with the drug offenses, a charge that increased the mandatory minimum sentence he faced.[16] The government had told the defendant that it intended to bring the gun charge, but the government had not yet filed the charge.[17] The *Quinones* court rejected Quinones's double jeopardy claim based on the reasoning of *Ohio v. Johnson*.[18] The court concluded that there was no indication that the government was engaging in the overreaching that the Double Jeopardy Clause was designed to prevent and that Quinones, like the defendant in *Johnson*, was attempting to use the Double Jeopardy Clause as a sword to prevent the

**6.** *Id.* at 472.

**7.** *Id.*

**8.** *Id.*

**9.** 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984).

**10.** *Johnson*, 467 U.S. at 502, 104 S.Ct. at 2542–43.

**11.** *Johnson*, 467 U.S. at 502, 104 S.Ct. at 2542, quoted in *Ridlington v. State*, 93 P.3d at 473.

**12.** *Johnson*, 467 U.S. at 501–02, 104 S.Ct. at 2542.

**13.** *Ridlington*, 93 P.3d at 473.

**14.** 906 F.2d 924 (2nd Cir.1990).

**15.** *Id.* at 928.

**16.** *Id.* at 926, 928.

**17.** *Id.* at 926.

**18.** *Id.* at 928.

government from pursuing the gun charge.[19] Professors LaFave, Israel, and King, in their treatise on criminal procedures, conclude that:

> The reasoning of *[Ohio v.] Johnson* probably also allows the government, by objecting to a defendant's guilty plea to a lesser offense, to defeat a defendant's effort to head off more serious charges that were *not* joined with the lesser offense at the time of the plea, but were known by the defendant to be pending in another indictment or about to be filed.[20]

We agree that the reasoning of *Johnson* precludes the remedy that Kameroff requests in this case. Kameroff was well aware of the felony charges that the government was pursuing. The State also objected to having Kameroff enter a plea to the misdemeanor charges in an attempt to preclude the State from proceeding on the felony charges. We see no reason to allow Kameroff to use the Double Jeopardy Clause as a sword to preclude the State from pursuing the felony charges where he was fully aware that the State was actively proceeding on those charges.

The superior court's order is REVERSED.

MANNHEIMER, Judge, concurring.

I write separately to describe more fully the legal authorities that we found on the question of double jeopardy law presented in this case. These authorities are summarized in the 2007 pocket part to Wayne R. LaFave, Jerold H. Israel, and Nancy J. King, *Criminal Procedure* (2nd ed.1999), § 25.1, footnote 50 at pp. 325–26.

Judge Coats's lead opinion describes the Second Circuit's decision in *United States v. Quinones*, 906 F.2d 924 (2nd Cir.1990). The two significant aspects of *Quinones* are (1) that the defendant knew, when he entered his guilty plea, that the government intended to pursue other related charges, and (2) that the government objected to the defendant's change of plea. *Id.* at 926.

In *Quinones*, the defendant argued that "the government's delay in bringing the superseding indictment until after he pled guilty to the original indictment offend[ed] the policy against successive prosecutions for the same transaction." *Id.* at 928. The Second Circuit rejected this argument, concluding that a criminal defendant was barred from employing the double jeopardy clause as a "sword":

> [T]he Supreme Court has made clear that a criminal defendant is not "entitled to use the Double Jeopardy Clause as a sword." *Ohio v. Johnson*, 467 U.S. 493, 502, 104 S.Ct. 2536, 2542, 81 L.Ed.2d 425 (1984); see also *Jeffers v. United States*, 432 U.S. 137, 152–54, 97 S.Ct. 2207, 2217–18, 53 L.Ed.2d 168 (1977).

In *Jeffers*, the [Supreme] Court rejected a defendant's claim of double jeopardy based upon a guilty verdict on a lesser included offense in the first of two successive trials because the second trial resulted from the defendant's insistence that there be separate rather than consolidated trials. 432 U.S. at 152–54, 97 S.Ct. at 2217–18. Similarly, in *Johnson*, the Court held that where a trial court accepts a defendant's plea to lesser included offenses over the prosecution's objection, double jeopardy does not prevent the government from prosecuting the defendant on the remaining, greater offenses. 467 U.S. at 501–02, 104 S.Ct. at 2542–43.

It is true that in both *Johnson* and *Jeffers*—unlike the present case—the prosecution initially combined its charges, in one indictment in *Johnson* or in two indictments handed down on the same day in *Jeffers*. But, Quinones was nonetheless trying to use the Double Jeopardy Clause as a sword by insisting on a right to plead guilty to the conspiracy and possession counts in the face of government objection and government notice of its intent to indict appellant on the gun count. By pleading guilty to the original indictment, appellant thereby hoped to head off prosecution on the gun count. The government was not insisting on two chances to go after

---

19. *Id.*

20. 5 Wayne R. LaFave, Jerold H. Israel, & Nancy J. King, *Criminal Procedure* § 25.1 at 326 (2d ed. Supp.2007) (emphasis in original).

appellant; rather, appellant himself precipitated the two proceedings by the strategy of suddenly tendering his plea to the conspiracy and possession counts.... Under these circumstances, we do not believe that double jeopardy principles bar the superseding indictment.

*Quinones,* 906 F.2d at 928.

These same two factors characterize the other cases cited in *LaFave.* Although the courts in these other cases do not rely on precisely the same reasoning as *Quinones,* they all conclude that a defendant is not entitled to use the double jeopardy clause as a procedural weapon against the government when (1) the defendant knows that the government intends to pursue other related charges, and (2) the defendant pleads guilty to the lesser charges over the government's objection or without the government's knowledge. All of these courts conclude that, in these circumstances, the defendant's guilty plea can not be used as a "tactical maneuver to deny the [government] ... 'one full and fair opportunity to present [its] evidence to an impartial jury.'" *People v. Jurado,* 4 Cal.App.4th 1217, 6 Cal.Rptr.2d 242, 252 (1992), quoting *Arizona v. Washington,* 434 U.S. 497, 505, 98 S.Ct. 824, 830, 54 L.Ed.2d 717 (1978).

Kameroff's case shares the same two factors that were present in *Quinones* and these other cases: Kameroff knew that the government intended to pursue a more serious charge, and the government objected to Kameroff's attempt to plead guilty to the less serious charges that were currently pending. I therefore conclude that the result in Kameroff's case should be the same as the result reached in *Quinones* and the other cases cited in *LaFave.* Even if the district court should have allowed Kameroff to plead guilty to the pending misdemeanor assault charges, Kameroff would not have the right to use his guilty pleas as a double jeopardy "sword" to cut off the State's ability to pursue the felony sexual assault charge.