NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

## IN THE COURT OF APPEALS OF THE STATE OF ALASKA

STEVEN WARREN STINER,

                    Appellant,

          v.

STATE OF ALASKA,

                    Appellee.

Court of Appeals No. A-11722
Trial Court No. 1JU-12-384 CR

O P I N I O N

No. 2536 — January 27, 2017

          Appeal from the Superior Court, First Judicial District, Juneau, Philip M. Pallenberg, Judge.

          Appearances:  Doug Miller, Law Office of Douglas S. Miller, Anchorage, for the Appellant.  Eric A. Ringsmuth, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

          Before:  Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

          Judge MANNHEIMER.

          While Steven Warren Stiner was on bail release pending the appeal of his conviction for a felony assault, the police stopped his truck for a traffic infraction.  One

_____

          [*]  Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

of the officers who conducted the stop observed a pistol barrel resting against Stiner's right leg. The police seized this pistol and they arrested Stiner.

Following a bench trial, Stiner was found guilty of three crimes relating to his possession of this firearm: felon in possession of a concealable firearm, and two counts of violating the conditions of his release (the condition that he obey all laws, and the condition that he not possess firearms). [1]

At Stiner's sentencing, his attorney asked the superior court to enter a single merged conviction for all three crimes. The superior court granted this motion in part. The court ruled that Stiner should receive only one merged conviction for violating the two conditions of his release, but the court ruled that this conviction should *not* merge with the felon-in-possession verdict. The court reasoned that the societal harms presented by the two offenses (violating bail conditions versus possessing a concealable firearm as a felon) were sufficiently distinct that Stiner's conduct would support two separate convictions. Stiner now appeals that decision.

*Why we conclude that Stiner's conduct supports two convictions*

Stiner argues that, under Alaska's double jeopardy clause as construed by our supreme court in *Whitton v. State*,[2] it is improper for him to receive two convictions for his single act of possessing a firearm.

*Whitton* and the later cases construing *Whitton* address the situation where a defendant's single act violates separate criminal statutes. These cases provide the framework for deciding whether a sentencing court should enter separate convictions for

---

[1] AS 11.61.200(a)(1) and former AS 11.56.757(a) (pre-2016 version), respectively.

[2] 479 P.2d 302 (Alaska 1970).

the separate statutory violations, or whether separate convictions would constitute a prohibited double punishment under the double jeopardy clause.

Under *Whitton*, a court must focus on the societal interests advanced or protected by the statutes that were violated, and decide whether those statutory interests are sufficiently distinct to support separate convictions. [3]

In Stiner's case, we agree with the superior court that Stiner's violation of his bail conditions implicated a societal interest that is substantially different from society's interest in prohibiting felons from possessing concealable firearms. Aside from the fact that Stiner was a convicted felon who was prohibited from possessing handguns, Stiner had secured his release pending appeal by promising to abide by various bail conditions. The court (and the public) had an independent interest in having those bail conditions enforced, not only to punish Stiner personally for his knowing disregard of those conditions, but also to deter future defendants from violating their conditions of release. The separate enforcement of these distinct societal interests would be diminished or defeated if the law allowed only one conviction in Stiner's situation. [4]

Accordingly, we AFFIRM the judgement of the superior court.

---

[3]  *Id.* at 312.

[4]  *See Jacinth v. State*, 593 P.2d 263, 266-67 (Alaska 1979) (upholding separate convictions for arson and manslaughter when the defendant set fire to a movie theater and accidentally killed a man who lived inside the theater); *Catlett v. State*, 585 P.2d 553, 558 (Alaska 1978) (upholding separate convictions for larceny and for stealing or removing parts of an aircraft when the defendant committed a single act of removing a pair of landing skis from an airplane); *Mead v. State*, 489 P.2d 738, 741-43 (Alaska 1971) (upholding separate convictions for burglary and an ensuing theft); *Drahosh v. State*, 442 P.2d 44, 49 (Alaska 1968) (upholding separate convictions for leaving the scene of a motor vehicle accident and for failing to render aid to persons injured in that accident); *Lampkin v. State*, 141 P.3d 362, 364 (Alaska App. 2006) (upholding separate convictions for possessing drugs and for possessing contraband — *i.e.* the same drugs — in prison).